IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**COLONEL FINANCIAL MANAGEMENT OFFICER**, *et al.*,

                Plaintiffs,

v.

**LLOYD J. AUSTIN, III**, in his official capacity as Secretary of U.S. Dep't of Defense, *et al.*,

                Defendants.

Case No. 8:22-cv-01275-SDM-TGW

## **DEFENDANTS' RESPONSE TO SUPPLEMENTAL MEMORANDUM**

As explained in Defendants' previous filings[1] and further below, this matter is inappropriate for class certification, and the Court should not certify a class of Marines or enter a classwide injunction. While limited to the Marine Corps, the new proposed class definition has the same problems that the previous class definition did.

**I.**     **Plaintiffs' New Class Definition Is Not Ascertainable.**

Plaintiff's new proposed class definition is no more ascertainable than the last. *See* ECF No. 42, at 2-3; ECF No. 190, at 3-5; *Cherry v. Domestic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021). As with the previous class definition, the class is an improper "fail-safe" class because it is limited to those with "sincerely held religious beliefs." ECF No. 190, at 3-5. Because the proposed class definition requires the court to determine an aspect of the legal merits of an individual class member's claim as a

---

[1] *See* ECF Nos. 23, 42, 47, 66, 73, 74, 97, 103, 118, 125, 132, 140, 156, 190.

1

predicate to determining membership in the class, the class is not ascertainable. *Id.* Moreover, while this new class definition is ostensibly limited to those plaintiffs whose religious accommodation requests (RARs) have been "denied," given the availability of administrative remedies, Plaintiffs' failure to explain the meaning of "denied" renders this class incapable of determination. *See* ECF No. 42, at 3. As set forth in the attached Declaration of David Furness, an initial "denial" of a service member's exemption request can be appealed for a final determination, the service member faces no adverse actions while the request is pending, and there are multiple steps before a service member is subject to adverse action following a denial.[2] Ex. 1, Furness Decl. Many of the Plaintiffs have pending RAR appeals, and they are entitled to different procedures following such appeals. Plaintiffs themselves allege that 7 of them have not received a final decision on their RARs, and none have been through the separation process. *See* MTD (ECF No. 205), at 13-19. Thus, it remains unclear which named "class representatives" will be in the class, and what burdens, if any, they may face as a result of their alleged religious beliefs.

## II.  Plaintiffs Cannot Meet Rule 23(a) Standards: Plaintiffs Lack Common Questions, Are Not Typical, and Cannot Fairly Represent the Class.

**Commonality**. Although the Court reduced the diversity of the proposed class by limiting it to one Service, there is still no question common to the class, and the class representatives are inadequate. First, to satisfy the requirement on "commonality," the class "claims must depend upon a common contention" that is

---

[2] This declaration updates the declaration at ECF No. 23-19, and provides additional detail about the processes available.

"of such a nature that it is capable of classwide resolution—which means that [the] determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Most importantly, the "common questions" must be susceptible to common answers. *Id*. As set forth in prior briefing, RFRA claims are fundamentally individualized inquiries with respect to: the nature and sincerity of a particular plaintiff's beliefs, the burden on those specific beliefs, the Government's interest in taking a particular action, and whether there are less restrictive means available under the circumstances. ECF No. 190, at 5-9; ECF No. 42, at 16. The answers will vary based on the beliefs asserted, and the compelling interest and less restrictive means analysis is necessarily going to vary depending on, for example, whether a particular individual is about to retire, whether they can effectively telecommute, whether they are healthcare workers in close contact with patients, whether they are routinely deployed to austere environments, and myriad other factors.

This individualized inquiry is not susceptible to class certification. Defendants submit sample RAR files (for 4 Plaintiffs whose RARs are fully adjudicated) that demonstrate that Plaintiffs have very different beliefs, job duties, and circumstances, and are entitled to different procedures. Col. Financial Management Officer, for example, is currently the financial manager for his command, and while he can sometimes telework, the Command needs him present to work effectively. Ex. 2A, at pdfpp. 4, 152-54. Reserve Lt. Col. works on aviation logistics in a shared office in close proximity to others and cannot telework in light of the need for access to classified

information. Ex. 2B, at pdfpp. 4, 17-19. Captain 2 (C2) was a student at the Expeditionary Warfare School until June 2022, not deployable but expected to work and train indoors in close proximity to others, including large classes and small groups, and to travel. Ex. 2C, at pdfpp. 4, 25-27. C2 is now expected to be deployable. *Id*. at 4. Chief Warrant Officer 3 is the officer in charge of a training unit, who cannot telework, shares an office, and while not deployable currently, is expected to be deployable in future assignments. Ex. 2D at pdfpp. 4, 24-26.[3]

In general, Plaintiffs have thus far relied on anecdotes and non-probative statistics to insist that the Marine Corps' inquiry is insufficiently individualized.[4] Defendants disagree, *see, e.g.*, Smith Decl., ECF No. 118-5, but even if Plaintiffs were correct, that is still not a question susceptible to common *answers*, and it does not determine any element of a RFRA or Free Exercise claim.[5] The fact that members of the proposed class may advance similar legal arguments "gives no cause to believe that

---

[3] While each of these plaintiffs asserts some objection to vaccines with a possible nexus to abortion, some seem to believe that there may be fetal stem cells in the vaccines, *see* Ex. 2C, at pdfpp. 10, 16; and some assert additional objections, like a "belief" that the vaccine is harmful or ineffective, *see* Ex. 2A, at pdfpp. 14-16; Ex. 2C, at pdfpp. 5-6. There may, of course, be class members with entirely different objections to the vaccine. And some class members will likely be satisfied with the now-authorized Novavax vaccine. Novavax COVID-19 Vaccine, https://perma.cc/C7X9-MXXE; New COVID vaccine could appeal to some religious skeptics, *Newsweek* (Feb. 18, 2022), https://perma.cc/P5PK-6J3W. One plaintiff already expressed a willingness to use an alternative WHO-listed vaccine, Ex. 2D, at pdf pp 7, which he can already do under the current mandate.

[4] Although not mentioned in the supplemental briefing, Plaintiffs' complaint continues to identify their "informed consent" claims as a "common question." *See* Am. Compl ¶ 78, ECF No. 198. The Court found no likelihood of success on this claim, ECF No. 40, and Defendants have moved to dismiss it today. But this claim also does not present a common question, in that Plaintiffs would have to individually establish that they were each denied access to licensed vaccine. This they cannot do, especially now that Comirnaty-labeled vaccine is readily available.

[5] Notably, it is Plaintiffs here who are resisting the individualized inquiry. They want this Court to certify a class to conclude as a blanket matter, without regard to individual circumstances, that the Government never has a compelling interest in vaccinating any Marine, and/or that there is always a less restrictive means. In addition to being preposterous during a deadly pandemic, Plaintiffs' approach is inconsistent with RFRA.

4

all their claims can productively be litigated at once." *Wal-Mart*, 564 U.S. at 350. Moreover, "[a]lthough a class can be certified even if there are some individual issues that can be efficiently and fairly adjudicated individually . . . , no precedent of which we are aware supports using a properly certified class as a bootstrap to then adjudicate, on a class-wide basis, claims that hinge on the individual circumstances of each class member." *Reid v. Donelan*, 17 F.4th 1, 11 (1st Cir. 2021); *see also Shamblin v. Obama for Am.*, No. 8:13-CV-2428, 2015 WL 1909765, at *7 (M.D. Fla. Apr. 27, 2015).

**Typicality and Adequacy of Representation**. No Plaintiff here, nor a group of Plaintiffs, is typical of a Marine Corps class. *See* ECF No. 42, at 3-5; ECF No. 190, at 9-11. As set forth above, Plaintiffs have different duties, different beliefs, different burdens, and have different alternatives available to them, and they are at different stages of the process and may face different consequences. And the absent class members, who have not come forward, are likely to vary even more with respect to each element of a RFRA claim. Plaintiffs here, selected by counsel for this purpose, will likely have stronger claims than some absent class members as to various elements of a claim, and may have weaker claims than others, *see, e.g.*, ECF No. 74-11 ¶¶ 8-9.

These differences also cast doubt on Plaintiffs' ability to fairly represent absent class members. Other class members may have different strengths or weaknesses, and they may have different goals. Class members who have not appeared in this action may not want to seek the kind of relief sought by these plaintiffs. And at least some class members may prefer to leave the Service and attempt to correct their military records through administrative means, or challenge final administrative decisions.

Many service members, of course, have already sought separate relief from the vaccine requirements. At least 16 other courts have rejected similar arguments for preliminary injunctive relief against the military or dismissed the service members' claims entirely.[6] At least three of these cases include USMC plaintiffs, raising religious liberty claims. *See, e.g.*, *Church*, 2021 WL 5179215; *Thomas Short*, 2022 WL 1203876; *Mark Short*, 2022 WL 1051852. Others included USMC plaintiffs, but the complaints did not raise religious liberty claims. *Doe #1-#14,* 2021 WL 5816632; *Robert,* 2022 WL 103374. Additional cases remain pending with USMC plaintiffs: *Wilson v. Austin*, No. 4:22-cv-00438-ALM (E.D. Tex.); *Alvarado v. Austin*, No. 8:22-cv-01149 (M.D. Fla.) (including Navy chaplain assigned to USMC raising RFRA claims). Accordingly, proposed class members have already sought and been denied individualized relief by a court of competent jurisdiction, and are pursuing other relief in other courts. Plaintiffs ask this court to overrule or preempt other district courts and enter relief those courts found unwarranted. Defendants are mindful that other courts, including this one, have entered preliminary injunctive relief in a few service member cases, but

---

[6] *See Abbott v. Biden*, 2022 WL 2287547 (E.D. Tex. June 24, 2022); *Miller v. Austin*, 4:22-cv-01739 (S.D. Tex. June 1, 2022); *Knick v. Austin*, No. 22-1267, 2022 WL 2157066 (D.D.C. June 15, 2022); *Roth v. Austin*, No. 8:22CV3038, 2022 WL 1568830 (D. Neb. May 18, 2022); *Creaghan v. Austin*, 2022 WL 1500544 (D.D.C. May 12, 2022); *Navy SEAL 1 v. Austin*, 2022 WL 1294486 (D.D.C. Apr. 29, 2022); *Thomas Short v. Berger*, 2022 WL 1203876 (D. Ariz. Apr. 22, 2022); *Vance v. Wormuth*, No. 3:21-cv-730, 2022 WL 1094665 (W.D. Ky. Apr. 12, 2022); *Roberts v. Roth*, 2022 WL 834148 (D.D.C. Mar. 21, 2022); *Mark Short v. Berger*, No. CV 22-1151, 2022 WL 1051852 (C.D. Cal. Mar. 3, 2022); *Dunn v. Austin*, No. 22-cv-00288, at 37-42 (E.D. Cal. Feb. 22, 2022); *Robert v. Austin*, No. 21-cv-02228, 2022 WL 103374 (D. Colo. Jan. 11, 2022); *Oklahoma v. Biden*, 2021 WL 6126230 (W.D. Okla. Dec. 28, 2021); *Guettlein v. U.S. Merch. Marine Acad.*, 2021 WL 6015192 (E.D.N.Y. Dec. 20, 2021); *Doe #1-#14 v. Austin*, 2021 WL 5816632 (N.D. Fla. Nov. 12, 2021); *Church v. Biden*, 2021 WL 5179215 (D.D.C. Nov. 8, 2021). Appeals are pending in several cases, but in *Dunn*, where the district court denied the service member's preliminary injunction motion, the Supreme Court denied the member's application for an injunction pending appeal. *Dunn v. Austin*, 142 S. Ct. 1707 (2022) (mem.); *see also Austin v. Navy SEALs 1–26*, 142 S. Ct. 1301 (2022) (mem.) (partially staying injunction against Navy).

such different approaches militate against Plaintiffs' preferred class action and against an undifferentiated nationwide injunction. *Cf. Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring) (explaining harm of nationwide injunctions); *Poffenbarger v. Kendall*, 2022 WL 594810, at *20 (S.D. Ohio, Feb. 28, 2022).[7]

### III. Plaintiffs Cannot Meet the Standard for a B(2) Class Because the Requested Relief is Not Indivisible.

Plaintiffs seek certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *Wal-Mart*, 564 U.S. at 360. A review of these RAR files supports Defendants' position that the class is not indivisible, and that Defendants have not treated them as a whole. Even though some of the analysis is necessarily similar, each RAR is considered individually with review of the Plaintiff's specific record, duties, performance and submission, and the final decisions reflect that individualized analysis. *See also* Furness Decl. ¶¶ 14-28; Smith Decl. ¶¶ 2, 5-11.

Dated: July 14, 2022                          Respectfully submitted,

BRIAN M. BOYNTON                        /s/ Amy E. Powell
Principal Deputy Assistant               LCR CARMICHAEL

---

[7] In a recent opinion certifying of a class of Air Force service members, a court concluded that it could evaluate whether a policy of denying all RARs impermissibly burdened the class as whole. *See Doster v. Kendall*, 1:22-cv-00084 (S.D. Ohio July 14, 2022). As a factual matter, there is no such policy, *see* ECF No. 42-1, and it cannot be inferred from the statistics available, *cf. Wal-Mart*, 564 U.S. at 352. As a legal matter, even if there were such a policy, RFRA does not prohibit all generally applicable policies. The "policy" would not substantially burden all class members, and the analysis as to compelling interest and least restrictive means would differ by person. Thus, there is no common legal question that advances the case.

Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Email: amy.powell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On July 14, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Middle District of Florida, using the electronic case filing system of the Court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                               */s/ Amy E. Powell*
                                                               AMY E. POWELL
                                                               Trial Attorney
                                                               U.S. Department of Justice