UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONEL FINANCIAL MANAGEMENT
OFFICER, et al.,

    Plaintiffs,

v.                                            CASE NO. 8:22-cv-1275-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

## **ORDER**

    Moving (Doc. 205) to dismiss the third amended complaint, the Marine Corps argues (1) that the plaintiffs' RFRA and First Amendment claims remain unripe for failure to exhaust the administrative remedy, (2) that the plaintiffs are misjoined, and (3) that venue for some of the plaintiffs is improper in the Middle District of Florida.[1] For the reasons explained in the order (Doc. 229) on the motion for class certification and for preliminary injunction, the ripeness and administrative exhaustion arguments fail.

    Challenging joinder, the Marine Corps argues that the resolution of each plaintiff's claim requires an "individualized analysis" both as "to the alleged

---

[1] Also, the defendants move to dismiss the plaintiffs' statutory informed-consent claims (Count I) on which an earlier order denied a preliminary injunction. (Doc. 40) A separate order will address the defendant's motion to dismiss these claims, which are distinct from the RFRA and First Amendment claims.

substantial burden," as "to the Marine Corps'[s] compelling interest" in requiring each Marine's vaccination, and as "to the less restrictive measure" for each Marine. (Doc. 205 at 20–21)  As explained in the order certifying a class and granting a preliminary injunction, the Marine Corps's argument reveals a misapprehension of the claim the plaintiffs pursue in this action, a class action.  Indeed, RFRA requires an "individualized analysis," but RFRA imposes the burden of an individualized analysis on the Marine Corps.  The uniform, categorical, systematic, and purposeful failure of the Marine Corps to conduct the individualized assessment demanded by RFRA is the claim that the plaintiffs pursue in this class action.  And although the defendants contend that the sincerity of each plaintiff's religious objection is subjective and requires individualized assessment, the sincerity of each plaintiff (and of each member of the class, as defined) is baked into the record:  each plaintiff and member of the class has received a chaplain's affirmation of sincerity and each plaintiff and member of the class has confirmed sincerity by resolutely adhering to a religious conviction despite a direct order to accept vaccination.  No order can (or will) craft an accommodation for each religiously objecting service member, but an order can enjoin the Marine Corps's uniform failure to discharge the burden imposed by RFRA.  Because the class presents a uniform claim capable of uniform resolution, the misjoinder argument fails.

Challenging venue, the defendants observe that only four of the fifteen plaintiffs reside in the Middle District of Florida and that three of these four plaintiffs fail

to present a ripe claim because their appeals remain pending.[2] Midshipman 2/C, a Marine domiciled in Polk County (Doc. 195 ¶ 38), presents a robustly ripe claim because the Marine Corps has finally denied her request for religious accommodation and ordered her to accept COVID-19 vaccination despite her sincere religious objection. The other three plaintiffs residing in the Middle District of Florida present a ripe claim because the complaint alleges each appeal is likely futile because the Marine Corps grants no religious accommodation. Because the complaint includes four plaintiffs presenting a ripe claim and residing in the Middle District of Florida, the Middle District of Florida is a proper venue for each plaintiff. *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1301–02 (N.D. Ala. 2003) (collecting cases holding that venue is proper if at least one plaintiff satisfies 28 U.S.C. § 1391(e)).

## CONCLUSION

For these reasons and others explained by the plaintiffs in the response (Doc. 228), the motion (Doc. 205) to dismiss is **DENIED** except the request for dismissal of the informed consent claim, Count I, which remains **UNDER**

---

[2] Under 28 U.S.C. § 1391(e), an action suing an official of the United States may "be brought" in, among other places, the judicial district in which "the plaintiff resides if no real property is involved in the action."

- 4 -

**ADVISEMENT**.  Also, the motions at Doc. 93, 94, 130, 139, and 141, each overtaken by events, are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on August 18, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE