IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**COLONEL FINANCIAL MANAGEMENT OFFICER**, United States Marine Corps, et al.,

Plaintiffs,

v.

**LLOYD AUSTIN**, in his official capacity as Secretary of the United States Department of Defense, et al.,

Defendants.

Case No. 8:22-cv-01275-SDM-TGW

**JOINT MOTION FOR ENTRY OF UNIFORM PROTECTIVE ORDER AND FEDERAL RULE OF EVIDENCE 502(d) ORDER**

The parties have negotiated and hereby jointly move for (1) a Uniform Protective Order and (2) a Federal Rule of Evidence 502(d) Order. The parties anticipate that discovery may require the disclosure of confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure including information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a. Good cause exists for the entrance of a stipulated protective order pertaining to the discovery stage of litigation.[1] *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021).

[1] The parties are mindful that a separate request for a sealing order would be necessary to shield any records from public view at the adjudicative stage. *Id.*

The Privacy Act broadly precludes government agencies from disclosing personal information that it maintains in its records. *See* 5 U.S.C. § 552a(b). Disclosure not authorized by law has the potential to create liability for the United States. *See id.* § 552a(g)(4). But the Privacy Act provides, as an exception to the general bar on disclosure, that protected records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the relevant records, documents and other information pursuant to the Privacy Act and Federal Rule of Civil Procedure 26, as well as insulate Defendant from potential liability for improper disclosure. *See* 5 U.S.C. § 552a(g)(1). Accordingly, a Uniform Protective Order is needed to permit the Federal Defendants to produce such records in the above captioned litigation and to prevent unnecessary disclosure or dissemination of such information.

Further, to guard against the risk of inadvertent waiver of any applicable privileges or protections, the parties have conferred and agree on a procedure to assert and preserve claims of privilege after production pursuant to Federal Rule of Evidence 502(d). The parties' agreement is contained in their Proposed Federal Rule of Evidence 502(d) Order. The parties, therefore, request that the Court enter (1) the Uniform Protective Order and (2) the Federal Rule of Evidence 502(d) Order that they have negotiated and attached to this motion.

DATED: August 31, 2022                                     Respectfully submitted,

/s/ *Roger K. Gannam*
MATHEW D. STAVER
HORATIO G. MIHET
ROGER K. GANNAM
DANIEL J. SCHMID*
RICHARD L. MAST*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org*
rmast@lc.org*
*Specially admitted

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

/s/ *Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
STUART J. ROBINSON
Senior Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
CASSANDRA M. SNYDER
CATHERINE YANG
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: Amy.Powell@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**COLONEL FINANCIAL MANAGEMENT OFFICER**, United States Marine Corps, et al.,

Plaintiffs,

v.

**LLOYD AUSTIN**, in his official capacity as Secretary of the United States Department of Defense, et al.,

Defendants.

Case No. 8:22-cv-01275-SDM-TGW

**UNIFORM PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Uniform Protective Order and pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), and for good cause shown, IT IS HEREBY ORDERED that the following provisions of this Uniform Protective Order (hereafter the "Order") shall control the disclosure, dissemination, and use of material produced in discovery in the above captioned litigation.

1. Scope of Order. This Order shall govern the production, use, and disclosure of all information and materials produced by any party or non-party in response to any discovery request and the informal exchange of information in the above captioned litigation (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials

(collectively, "Discovery Material"). This Order applies to documents including but not limited to government documents, personnel or medical documents of plaintiffs, and information contained in those records that are subject to the Privacy Act or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Order does not create greater or lesser rights or obligations than those contained in the Privacy Act and HIPAA.

2. Designation of Protected Material. A party or non-party may, in good faith, designate as CONFIDENTIAL and therefore subject to the protections and requirements of this Order, any Discovery Material that the designating party reasonably believes contains confidential information, including personal, proprietary, or sensitive information not generally disclosed to the public. Discovery Material designated CONFIDENTIAL ("Protected Material") shall be used by the receiving parties solely for the prosecution or defense in the above captioned litigation and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. Consistent with the requirements of this paragraph, a party may, within fifteen (15) business days after receipt of Discovery Material from any party or nonparty, by written notice to the other parties, designate as CONFIDENTIAL any such Discovery Material not designated CONFIDENTIAL by the producing party or nonparty.

3. Limitations on Use. Protected Material and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used solely by the receiving party for the purpose of litigating the above captioned litigation,

shall be and remain confidential, and shall not be disclosed in any fashion, nor used for any purpose other than litigating in the above captioned litigation.

4. Limited Disclosure of Protected Material. Protected Material may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

a) This Court and the officers, employees, and any stenographic reporters of the Court, under seal, in camera or ex parte;

b) Counsel representing the parties in the above captioned litigation and their supervisory attorneys and support personnel whose functions require access to Protected Material (collectively "Attorney Professionals");

c) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, retained by the parties or their counsel in the above captioned litigation, but only for the purposes of performing such services and only for so long as necessary to perform those services;

d) Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the above captioned litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in the above captioned litigation;

e) A witness who has been noticed or subpoenaed for deposition or a court appearance in the above captioned litigation to the extent reasonably necessary for the preparation or giving of his or her testimony about Protected Material;

f) Any other person who is so designated by order of this Court or by written agreement of the producing party.

No Protected Material may be disclosed to persons identified in subparagraphs (d), (e) or (f) until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or without order of the Court).

5. Parties' Use of Their Own Documents and Records. Nothing in this Order shall prevent a party that produces Discovery Material from using or disclosing its own information, including Discovery Material and Protected Material, in any manner it chooses.

6. Effect of Designation. The designation of Protected Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Order. All parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to,

objections based on any applicable privilege, undue burden, overbreadth, relevance, and proportionality to the needs of the case.

Any party may seek an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL. Prior to seeking such an order, the party seeking the order may send written notice to the designating party identifying the Protected Material it challenges. The designating party shall then have four (4) business days from receipt of the notice to send a written response identifying its reasons for designating the Protected Material as CONFIDENTIAL. Failure to provide a timely written response to a written notice challenging a CONFIDENTIAL designation shall be deemed a waiver of the right to demand confidential treatment of the challenged material. For the purposes of any motion or other request brought by a party seeking an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL, the burden shall be on the designating party to demonstrate that the Protected Material at issue is entitled to such treatment. Protected Material shall remain subject to the protection of this Order unless and until the Court determines that such Material is not entitled to such designation.

7. Mechanics of Designation. No designation of CONFIDENTIAL shall be effective as to a particular page of Protected Material unless there is placed on or affixed to each page of such Protected Material a marking of "CONFIDENTIAL." In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic

documents if produced physically, or on a slipsheet accompanying each native file if the documents are produced electronically. Deposition testimony and exhibits may be designated CONFIDENTIAL by furnishing to counsel for the parties, within ten (10) business days after receipt of the transcript of the testimony, a written statement of the specific portions of the testimony and exhibits designated CONFIDENTIAL by line and page number and exhibit number along with a copy of the transcript with the testimony designated as CONFIDENTIAL marked by highlighting or digital marking. If any deposition testimony or exhibit is designated CONFIDENTIAL by a statement on the record at the time the testimony is given, then all parties shall presumptively treat such testimony or exhibit as CONFIDENTIAL pending the expiration of ten (10) business days after receipt of the transcript of the testimony, after which only such testimony and exhibits timely identified in writing by the procedure above shall be treated as CONFIDENTIAL. In addition to the requirements of this Order, the court reporter before whom a deposition or other testimony relating to Protected Material is taken shall, at the request of any party, designate a portion of the deposition or any exhibits containing Protected Material as CONFIDENTIAL.

8. No Waiver; Late Designation. The failure of a party to designate information or documents as CONFIDENTIAL in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a party from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL. The parties understand and acknowledge that a party's failure to designate information or documents as

CONFIDENTIAL relieves the other parties of any obligation of confidentiality until such a designation is made. Promptly after written notice to the receiving parties of any such subsequent designation by the producing party, which notice shall specifically identify the documents or information to be designated, the parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents.

All documents containing any such subsequently designated information will be thereafter treated as Protected Material in accordance with this Order.

9. Objections to Designations: A party may, at any time, make a good faith challenge to the propriety of a CONFIDENTIAL designation. In the event a party objects in writing to such designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, either party may apply to the Court for a ruling regarding the designation. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If a timely motion is made, any documents or other materials that have been designated CONFIDENTIAL that are the subject of the motion shall be treated as CONFIDENTIAL until such time as the Court rules that such materials should not be treated as CONFIDENTIAL.

10. Control of Protected Material. All Protected Material shall be maintained under the direct control of counsel of record in the above captioned litigation, who shall be responsible for preventing any disclosure thereof, except as permitted by the

terms of this Order. Attorney Professionals may review and make working copies, abstracts, and digests of Protected Material for use in connection with the above captioned litigation, and such working copies, abstracts, and digests shall be deemed Protected Material under the terms of this Order provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

11. Return. Unless otherwise instructed by the Court, at the conclusion of this action, including any appeals, all Protected Material, in whatever form stored or reproduced, shall be returned to counsel of record for the party who produced said Protected Material, or the receiving parties shall certify that all such information has been destroyed, except that the attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files on this action, and shall not, without the written permission of the designating party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of the above captioned litigation.

12. Filing under Seal. Any party seeking to file documents containing Protected Material shall file a motion to file under seal pursuant to all applicable Federal Rules of Civil Procedure and the Local Rules of this Court. If a motion to seal

is granted a party may move to unseal a document for use in dispositive motions or at trial.

13. Subpoena of Protected Material. If a person in possession of Protected Material who is not the producing party of that Protected Material receives a subpoena or other request seeking production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party, identifying the Protected Material sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction.

14. Inadvertent Disclosure. Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity:

(a) Will be informed promptly of all provisions of this Order by the responsible party;

(b) Will immediately be identified to all counsel of record by the responsible party; and

(c) Will be requested, in writing by the responsible party, to return the material to the responsible party. Inadvertent disclosure by the disclosing party of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protectability of the Protected Material in accordance with the terms of this Order,

either as to the specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

15. Unauthorized Disclosure. Neither the United States Department of Justice, the Department of Defense, the Department of the Navy nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiffs' counsel under this Order, or of any information contained in such documents.

16. Modification. This Order is without prejudice to the right of any party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The party must provide written notice to counsel of record for all parties in the above captioned litigation specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order. The written notice must be served five (5) business days in advance of filing any such motion. The parties expressly reserve the right to seek modification, amendment, or rescission of this Order by mutual agreement in writing.

17. Enforcement. All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of this Court, for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the parties and all persons to whom Protected Material has been disclosed, both during and after the pendency of this case.

**SO ORDERED**.

Dated: ________________________

________________________________

**Hon. Steven Merryday**
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**COLONEL FINANCIAL MANAGEMENT OFFICER**, United States Marine Corps, et al.,

Plaintiffs,

v.

**LLOYD AUSTIN**, in his official capacity as Secretary of the United States Department of Defense, et al.,

Defendants.

Case No. 8:22-cv-01275-SDM-TGW

**APPENDIX A**

**AGREEMENT AND CONSENT TO PROTECTIVE ORDER**

The undersigned hereby declares and acknowledges as follows:

1. I have read the Uniform Protective Order (the "Order") entered in the above-captioned case on __________________, and I fully understand its contents.

2. I am a person described in paragraph 4, subparagraph (d), (e) or (f) of the Order. I understand that by signing this declaration, I will be eligible to receive Protected Material under the terms and conditions of the Order.

3. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and, to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court for the Middle District of Florida so that the Court shall have the power and authority to enforce the Order and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of court.

Dated:____________________________

________________________________
(Signature)

________________________________
(Printed Name)

________________________________
(Address)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**COLONEL FINANCIAL MANAGEMENT OFFICER**, United States Marine Corps, et al.,

Plaintiffs,

v.

**LLOYD AUSTIN**, in his official capacity as Secretary of the United States Department of Defense, et al.,

Defendants.

Case No. 8:22-cv-01275-SDM-TGW

**FEDERAL RULE OF EVIDENCE 502(d) ORDER**

Upon consideration of the parties' joint motion pursuant to Federal Rule of Evidence 502(d) for entry of an order governing the inadvertent production of documents that may be privileged or protected, it is hereby **ORDERED** as follows:

**I. NO WAIVER BY DISCLOSURE**

1. The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges including any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against

unauthorized disclosure for reasons of national security. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2. This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## II. DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## III. PROCEDURES

The procedures applicable to a claim of privilege with respect to a produced document and the resolution thereof shall be as follows:

1.      If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and then return the document or destroy it and certify that it has been destroyed to the producing party.  Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2.      If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

3.      The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

4.      Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and any copies and certify to the producing party that the document(s) and any copies have been destroyed.  The receiving party must sequester and destroy any notes taken about the document.  If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered – and if applicable securely stored – and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the case of the

inadvertent disclosure of information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security additional procedures may be required as specified by the United States Government.

**SO ORDERED**.

Dated: ________________________

________________________________
Hon. Steven Merryday
UNITED STATES DISTRICT JUDGE