**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **COLONEL FINANCIAL MANAGEMENT OFFICER,** *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>**LLOYD AUSTIN,** in his official capacity as Secretary of the United States Department of Defense, *et al.*,<br><br>          Defendants. | Case No. 8:22-cv-1275 (SDM/TGW) |

## DEFENDANTS' EMERGENCY MOTION FOR A PROTECTIVE ORDER TO LIMIT RULE 30(b)(6) TOPICS

### INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants hereby seek entry of a protective order to limit the topics of Federal Rule of Civil Procedure 30(b)(6) testimony sought by Plaintiffs of the United States Marine Corps. The identified topics are burdensome, overbroad, and disproportionate to the needs of the case, particularly given the short timeframe in which Plaintiffs ask that a designee be prepared. Less than three weeks before the close of discovery, Plaintiffs served a set of ten sprawling 30(b)(6) topics on the Marine Corps. *See* Ex. 1 (Plaintiffs' Notice of Taking Deposition). The identified topics are in some instances overbroad, irrelevant to the claims in this case, and/or duplicative of discovery and depositions already provided. While Defendants' counsel conferred with Plaintiffs' counsel and offered to provide testimony on topics that are targeted to relevant discovery, Plaintiffs have declined to agree and insist on addressing a number of overly burdensome topics given

1

the short timeframe. It would be unduly burdensome to expect the Marine Corps to prepare a designee or designees on these broad topics in such a short timeframe. Defendants therefore request a protective order limiting the permissible topics for a Rule 30(b)(6) deposition to topics 1(b)-(f) and 8 listed in Plaintiffs' deposition notice. Defendants request a ruling on this motion by December 9, 2022, or, in the alternative, a temporary protective order pending its consideration of this motion.

## BACKGROUND

In this case, named members of the United States Marine Corps, on behalf of themselves and a certified class of service members, challenge the Marine Corps' denial of their requests for a religious exemption from the requirement that members be vaccinated against COVID-19. The parties completed the Rule 26(f) conference in late July 2022. *See* ECF Nos. 207, 215. Initially, the Court scheduled discovery to close on September 2, 2022, and set a bench trial beginning November 14, 2022. *See* ECF No. 194, at 7. That schedule was modified twice, *see* ECF Nos. 215, 236, such that the close of discovery is now December 16, 2022, with a bench trial scheduled to begin January 23, 2023, *see* ECF No. 236.

Since the end of July, the parties have engaged in extensive discovery. Defendants have produced thousands of documents and responded to interrogatories and requests for admissions. The parties have also completed or have scheduled to complete numerous depositions. Plaintiffs initially requested on August 23, 2022, that Defendants produce ten witnesses for deposition. *See* Ex. 2 (email chain between Amy Powell and Roger Gannam dated Aug. 23 to 31, 2022). Plaintiffs' list did not include

2

any mention of a Rule 30(b)(6) deposition. *Id.* In response to Plaintiffs' request, Defendants suggested the possibility of a Rule 30(b)(6) deposition, *see id.*, but Plaintiffs did not at that time indicate any desire to take such a deposition.

Although Plaintiffs have had four months to take depositions, to date they have only deposed two witnesses: Colonel Adam L. Jeppe and Colonel Tonya Rans, MD. As indicated in Defendants' initial disclosures, Colonel Jeppe's knowledge relates to the Marine Corps' Religious Accommodation Review Board and the religious accommodation request process in general, "including how the Board assesses the Marine Corps' compelling interest in military readiness, unit cohesion, good order and discipline, and the health and safety of its service members, and the availability of less restrictive means." *See* Ex. 3 (disclosure regarding Colonel Jeppe, dated Oct. 7, 2022). Colonel Rans is a hybrid fact/expert witness whose knowledge relates to the transmissibility of COVID-19, symptoms and risks of COVID-19, the safety and efficacy of COVID-19 vaccines, COVID-19's impacts on the military, the availability of COVID-19 vaccines, DoD's immunization policies as related to CDC's recommendations, infection-induced immunity and herd immunity, new COVID-19 variants, and the continued need for COVID-19 vaccination. *See* Ex. 4, at 2 (disclosure regarding Colonel Rans, dated Nov. 1, 2022). The knowledge these witnesses possess overlaps with topics 1, 2 and 5, listed below, of the Rule 30(b)(6) notice.

Plaintiffs are also scheduled to depose at least four more witnesses in the next two weeks before the close of discovery: Lieutenant General David Ottignon, Rear Admiral Bruce L. Gillingham, MD, Dr. Barbara Mahon, MD, and Commander Sean

Driscoll. Lieutenant General Ottignon is the former Marine Corps Deputy Commandant for Manpower and Reserve Affairs and the current Commanding General of Second Marine Expeditionary Force, and the Defendants have identified him as having knowledge relating to the Marine Corps' compelling interest in military readiness, unit cohesion, good order and discipline, and the health and safety of its service members and units, the least-restrictive-means analysis, and the religious accommodation request process. *See* Ex. 5 (disclosure regarding Lieutenant General Ottignon, dated Oct. 4, 2022). Defendants expect that Lieutenant General Ottignon, who is scheduled to be deposed on December 14, 2022, will have information responsive to all of the topics of the Rule 30(b)(6) notice listed below.  Rear Admiral Gillingham is the Surgeon General of the Navy and Chief of the Bureau of Medicine and Surgery, and Defendants have identified him as having knowledge relating to the history of the impact of disease in warfare, the importance of vaccinations for military readiness and national security, the importance of service members to be worldwide deployable, military healthcare capabilities in different environments, military medical accession and deployment standards, the military's vaccination requirements and rationale for those requirements, exemptions to vaccines and other requirements, the impact of COVID-19 on the military, the importance of COVID-19 vaccination for service members, the military's compelling interest in vaccination, and the least-restrictive-means analysis. *See* Ex. 6, at 4 (disclosure regarding Rear Admiral Gillingham, dated Nov. 4, 2022). Defendants expect that Rear Admiral Gillingham, who is scheduled to be deposed on December 9, 2022, will have information

responsive to topics 2, 3, 4, 6, and 7, listed below, of the Rule 30(b)(6) notice. Defendants have identified Commander Driscoll as having information concerning medical exemptions from the COVID-19 vaccine requirement and medical requirements for the Marine Corps generally, the compelling interest in military readiness, unit cohesion, good order and discipline, and the health and safety of service members and units, and the least-restrictive-means analysis. *See* Ex. 7 (disclosure regarding Commander Driscoll, dated Oct. 31, 2022). Defendants expect that Commander Driscoll, who is scheduled to be deposed on December 12, 2022, will have information responsive to topic 8, listed below, of the Rule 30(b)(6) notice. Dr. Mahon is an expert witness and Defendants have identified her as having knowledge relating to the risks of COVID-19 to individuals, symptoms, hospitalization, and death of COVID-19, the safety and efficacy of COVID-19 vaccines, alternative protective measures, infection-acquired immunity, and CDC's recommendations with respect to COVID-19. *See* Ex. 8, at 2-3 (disclosure regarding Dr. Mahon, dated Nov. 1, 2022). Dr. Mahon is scheduled for deposition for December 16, 2022.[1]

With only three weeks before the close of discovery, on November 21, 2022, Plaintiffs indicated for the first time, via email, their intent to notice a Rule 30(b)(6) deposition on seven broad topics. *See* Ex. 9 (email from Roger Gannam to Amy Powell, dated Nov. 21, 2022). The parties attempted to negotiate an agreeable set of

---

[1] In addition to these witnesses currently planned for deposition, Defendants have identified other individuals as potential witnesses from whom Plaintiffs never sought testimony. *See* Ex. 10 (Defendants' Initial Disclosures); Ex. 11 (email from Amy Powell to Roger Gannam, dated Nov. 1, 2022).

topics, and on November 31, 2022, Plaintiffs provided a Notice of Taking Deposition that listed—more, rather than fewer—ten topics. *See* Ex. 1. The ten topics noticed are as follows:

> 1. The issuance, implementation, and enforcement of the following:
>     a. Marine Corps Order 1730.9 (MAR00012964);
>     b. MARADMIN 462/21 (MAR00004310);
>     c. MARADMIN 533/21 (MAR00004318);
>     d. MARADMIN 612/21 (MAR00004321);
>     e. MARADMIN 733/21 (MAR00004325); and
>     f. MARADMIN 464/22 (MAR00006155).

> 2. As referenced in Defendants' Supplemental Response to Interrogatory No. 19, served November 14, 2022, the "operational or deployment events [that] were cancelled" and the "additional operational or deployment events were delayed, shortened or postponed" as a result of actual COVID-19 cases, illnesses, hospitalizations, or deaths, and not merely as a result of implementing COVID-19 force protection or mitigation protocols.

> 3. The Marine Corps's interest in military readiness, unit cohesion, good order and discipline, and health and safety, as applied to the adjudication of an individual request for religious accommodation under the Marine Corps's mandatory COVID-19 vaccination policy.

> 4. The Marine Corps's determination that no means less restrictive than mandatory COVID-19 vaccination would satisfy the Marine Corps's asserted interest in military readiness, unit cohesion, good order and discipline, and health and safety, as applied to the adjudication of an individual request for religious accommodation under the Marine Corps's mandatory COVID-19 vaccination policy.

> 5. The process available to Marines (including Plaintiffs) for appeals from denials of religious accommodation requests under the Marine Corps's mandatory COVID-19 vaccination policy.

> 6. The Marine Corps's interest in military readiness, unit cohesion, good order and discipline, and health and safety, as applied to the adjudication of an individual appeal from the denial of an individual request for religious accommodation under the Marine Corps's mandatory COVID-19 vaccination policy.

7. The Marine Corps's determination that no means less restrictive than mandatory COVID-19 vaccination would satisfy the Marine Corps's asserted interest in military readiness, unit cohesion, good order and discipline, and health and safety, as applied to the adjudication of an individual appeal from the denial of an individual request for religious accommodation under the Marine Corps's mandatory COVID-19 vaccination policy.

8. The medical exemption request process available to Marines (including Plaintiffs) under the Marine Corps's mandatory COVID-19 vaccination policy, including the adjudication of all initial requests and appeals.

9. The Marine Corps's recruiting and retention goals for 2019 through 2023, including the setting and degree of success in meeting the goals.

10. The applicability of the Marine Corps's Force Design 2030 and Talent Management 2030 programs to the Marine Corps's recruiting and retention goals for 2019 through 2023, including the setting and degree of success in meeting the goals.

*Id.* Defendants have agreed to provide a designee for topic 1(b)-(f) and have agreed to designate Commander Driscoll as a Rule 30(b)(6) witness designee for topic 8. Despite Defendants' attempts to negotiate the remaining topics after receiving the deposition notice, Plaintiffs have declined to limit the topics.

## ARGUMENT

### I.   Standards Governing a Protective Order Related to a Rule 30(b)(6) Deposition

Rule 30(b)(6) permits a party to name a government agency or other entity as a deponent and "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The agency must then "designate one or more officers, directors, or managing agents . . . and it may set out the matters on which each person

7

designated will testify." *Id.* The designated persons "must testify about information known or reasonably available to the organization." *Id.* "[T]o allow [Rule 30(b)(6)] to effectively function, the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *In re Jemsek Clinic, P.A.*, No. 06-31766, 2013 WL 3994666, at *5 (Bankr. W.D.N.C. Aug. 2, 2013) (alterations in original) (quoting *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 638 (D. Minn. 2000)). Moreover, "[w]hen a topic for a Rule 30(b)(6) deposition is overbroad or vague, 'the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible.'" *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2014 WL 3895698, at *1 (E.D. Va. Aug. 8, 2014) (alteration in original) (quoting *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008)). Accordingly, Rule 30(b)(6) notices must be both narrowly tailored and proportional to the needs of the case. *Gordon Food Serv., Inc. v. Price Armstrong, LLC*, No. 6:20-cv-2273, 2022 WL 2774203, at *2 (M.D. Fla. Feb. 24, 2022).

Importantly, the party responding to a Rule 30(b)(6) deposition notice has a duty to "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Continental Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F. Supp. 2d 1176, 1189 (M.D. Fla. 2010) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)). This means that the

"organization must prepare the designees 'so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'" *Id.* (quoting *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)). The failure to properly prepare a designee may result in sanctions. *Id.* The greater the number of topics, the more of a burden it is for an organization to properly prepare the designee(s).

Unless otherwise limited by the court, Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether discovery is proportional, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 26(b)(2)(C) further provides that the Court must limit discovery outside that scope and also where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information." The Advisory Committee Notes to the 2015 Amendment emphasize that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."

Pursuant to Rule 26(c), a "court may, for good cause, issue an order to protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (C), (D). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *JTH Tax, Inc. v. Aime*, No. 2:16cv279, 2016 WL 9223926, at *3 (E.D. Va. Dec. 13, 2016).

Moving for a protective order is the appropriate way to object to a Rule 30(b)(6) topic that is burdensome, irrelevant, or otherwise inappropriate. *See, e.g.*, *EEOC v. Qualtool, Inc.*, No. 5:21-cv-229, 2022 WL 16695172, at *6 (M.D. Fla. Nov. 3, 2022); *EEOC v. Freeman*, 288 F.R.D. 92, 97-98 (D. Md. 2012). Indeed, objections to the form or breadth of topics must be made before or during the deposition. *See, e.g.*, *Qualtool, Inc.*, 2022 WL 16695172, at *6; *Humanscale Corp. v. CompX Int'l, Inc.*, No. 3:09-CV-86, 2009 WL 5091648, at *5 (E.D. Va. Dec. 24, 2009) ("Because Humanscale never objected to the form of the deposition topics before or during the deposition, the Court rejects Humanscale's argument that the topics lack 'reasonable particularity.'").

## II.  Topics 1(a), Topics 2 Through 7, and Topics and 9 Through 10 Should Be Prohibited

A Rule 30(b)(6) deposition should be designed to "streamline the discovery process." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, No. 304CV400J32MCR, 2006 WL

786425 (M.D. Fla. Mar. 27, 2006). Rule 30(b)(6) depositions are generally inappropriate "as a catch-all technique to reexamine at the end of discovery the universe of information an adversary has produced during the discovery period." *Prasad v. George Wash. Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017); *accord Woods v. Standard Fire Ins. Co.*, 589 F. Supp. 3d 675, 684 (E.D. Ky. 2022); *Willy v. Sherwin-Williams Co.*, No. 3:21-cv-00054-AR, 2022 WL 1553703, at *6 (D. Or. May 17, 2022). Yet that is precisely what Plaintiffs' proposed topics are designed to do. Rather than streamline discovery, Plaintiffs' requests, made at the very end of the discovery period, merely duplicate discovery already provided or underway and would cause an undue burden for Defendants.

Plaintiffs provided their Rule 30(b)(6) deposition notice less than three weeks before the end of discovery, giving the Marine Corps very little time to prepare one or more designees to cover the very broad topics noticed. The process of preparing a witness with the relevant information reasonably available to the agency is laborious and time-intensive because a Rule 30(b)(6) designee must be prepared to discuss matters beyond their personal knowledge and to be able to give complete and knowledgeable answers. High-level officials, like Lieutenant General Ottignon, cannot be so designated for the practical reason that there is not enough time to prepare them adequately for matters beyond their personal knowledge as Rule 30(b)(6) requires given the duties of their offices. More fundamentally, there is insufficient time left in discovery to prepare a designee (or more likely, several designees) on all of the broad topics Plaintiffs have identified.

The compressed timeframe left to complete a Rule 30(b)(6) deposition is solely a result of Plaintiffs' delay in noticing their desire to take such a deposition. Defendants' counsel emailed Plaintiffs' counsel on August 31, 2022, near the beginning of discovery, and suggested Rule 30(b)(6) depositions. *See* Ex. 2 (email chain between Amy Powell and Roger Gannam dated Aug. 23 to 31, 2022). If Plaintiffs had proposed topics at that time, the parties could have spent the month of September negotiating topics, the month of October preparing witnesses, and scheduled depositions for November. Instead, Plaintiffs waited until the end of November to propose topics, leaving inadequate time to prepare witnesses. Importantly, during the remaining two weeks of discovery, Defendants must prepare for and defend four depositions, depose Plaintiffs' two experts and prepare any motions *in limine* concerning those experts, and depose one remaining Plaintiff.

Moreover, conducting a Rule 30(b)(6) deposition is entirely unnecessary here. Under Rule 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed" if, *inter alia*, such discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1), (2)(C)(i), (iii). Here, in many instances Plaintiffs already have the same information requested through a Rule 30(b)(6) deposition in the form of documents, interrogatory responses, and witness testimony. So preparing multiple designees to provide the same information to Plaintiffs would be cumulative of other discovery, inefficient, a waste of resources,

and an unreasonable burden on Defendants.

Finally, many of the topics in Plaintiffs' notice are not consistent with the requirement that Rule 30(b)(6) topics be described with "reasonable particularity" such that the organization can provide information "reasonably available." *See generally* 8A Fed. Prac & Proc. § 2103 (3d ed.).

The specific topics should be excluded for the following reasons.

### A. Topic 1(a)

Topic 1(a) involves the issuance, implementation, and enforcement of Marine Corps Order 1730.9, https://perma.cc/4M9R-L23Q. Defendants have already provided two deponents knowledgeable on this topic—Colonel Jeppe and Lieutenant General Ottignon—and Defendants should not be required to provide another designee at this juncture. Indeed, Colonel Jeppe would likely be the individual in the best position to be designated as a Rule 30(b)(6) deponent on this topic. Plaintiffs have already deposed Colonel Jeppe and declined to ask any questions about this topic. Plaintiffs should not be allowed to redo their deposition of Colonel Jeppe under Rule 30(b)(6).

### B. Topic 2

Topic 2 involves the broad issue of COVID-19 impacts to operational and deployment events across the Marine Corps. As an initial matter, Plaintiffs already have information from Defendants on this topic in the form of interrogatory responses. In addition, Defendants expect that Lieutenant General Ottignon, Rear Admiral Gillingham, and Colonel Rans all possess information relevant to this topic. However,

none of these individuals know or can reasonably be prepared to testify as to all information available to the Marine Corps on all COVID-19 impacts to operational and deployment events across the Marine Corp over the past three years in the next two weeks. The Marine Corps consists of hundreds of units, each with its own operations, and staffed with annually rotating personnel. It is not reasonable to expect these individuals or any Rule 30(b)(6) designee to have knowledge of every operation impacted across each of these units over the past three years, particularly with only two weeks to prepare. Moreover, the topic likely encompasses classified information that could not be provided in a deposition, making preparation even more burdensome.

### C. Topics 3, 4, 6, and 7

Topics 3, 4, 6, and 7 cover the Marine Corps' claimed compelling interests supporting the COVID-19 vaccination requirement and the unavailability of less restrictive means. The topics are not described with reasonable particularity and are unreasonably burdensome as to the class. These broad topics merely restate the overarching legal issues in the case, and Defendants have spent the discovery period identifying documents and witnesses who can speak to these issues. Lieutenant General Ottignon and Rear Admiral Gillingham are Defendants' central witnesses on these issues, but every Defendant witness identified has some information relevant to these topics, and most of the documents produced in discovery do as well. It is not reasonable at this late date to expect Defendants to prepare an organizational witness with all relevant information reasonably known to the Defendants on these broad

14

topics. The Marine Corps, by policy, conducts an individualized analysis as to each of the over 3,000 members who sought religious accommodations, so the category of potentially relevant information covers virtually every command in the Marine Corps. This topic does not satisfy the requirements that the topic be specified with reasonable particularity. Plaintiffs' last-minute request to prepare a witness or witnesses to cover all potentially relevant information as to the central legal issues in the case is untimely, unwarranted, unnecessary, and beyond the proper scope of Rule 30(b)(6).

### D. Topic 5

Topic 5 involves the Marine Corps' policies and procedures governing religious accommodation to the COVID-19 vaccination requirement. Defendants have provided two witnesses on this topic: Colonel Jeppe and Lieutenant General Ottignon. *See* Exs. 3, 5. Defendants have also provided extensive documentation and declarations regarding the religious accommodation process and responded to interrogatories on this topic. *See, e.g.*, ECF Nos. 23-19, 42-3, 118-5, 156-3, 206-2. Plaintiffs have not identified any gaps in Defendants' discovery on this topic, so a Rule 30(b)(6) deposition would be needlessly cumulative. Topic 5 is therefore unduly burdensome.

### E. Topics 9 and 10

Topics 9 and 10 relate to the Marine Corps' recruiting and retention goals and

the Marine Corps' "Force Design 2030 and Talent Management 2030" programs.[2] These topics are not relevant to the claims raised in this litigation, and the need for a deposition on these topics is thus outweighed by the burden of preparing a Rule 30(b)(6) witness on these topics. "Discovery requests seeking irrelevant information are inherently undue and burdensome." *Scott v. Carson Sheriff Dep't*, No. 18-6221, 2020 WL 4108691, at *3 (C.D. Cal. Jan. 15, 2020) (citation omitted). Topics for a Rule 30(b)(6) deposition "should be tailored to the issues involved in the particular case." *West v. City of Albany*, 830 F. App'x 588, 592 (11th Cir. 2020) (quoting *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992)). The Marine Corps' recruitment and retention goals are not related to the religious accommodation process. Indeed, before Plaintiffs served their Rule 30(b)(6) notice, none of the requested discovery sought information pertaining to these topics. If Plaintiffs intend to argue that the military is better off retaining unvaccinated service members due to recruiting shortfalls, such an argument would be misplaced; as the Sixth Circuit recently noted (in an opinion that disagreed with Defendants on related issues), the district court "strayed well outside its judicial role" when it attempted to analyze the retention of unvaccinated service members as a benefit to the military. *Doster v. Kendall*, 48 F.4th 608, 616-17 (6th Cir. 2022). Such an inquiry is not the role

---

[2] It is likely that Lieutenant General Ottignon has some information on this topic as the former Deputy Commandant for Manpower and Reserve Affairs, and Plaintiffs will have the ability to ask him questions on this topic at his upcoming deposition. As discussed above, however, there is insufficient time to properly prepare Lieutenant General Ottignon as a Rule 30(b)(6) designee.

of the courts, given the deference owed the military in these matters, so discovery into this irrelevant topic should not be allowed. And, given the timeframe, these topics are furthermore unduly burdensome.

## CONCLUSION

For the foregoing reasons, the Court should issue a protective order limiting the topics of Plaintiffs' Rule 30(b)(6) deposition notice and prohibiting questions beyond topics 1(b)-(f) and 8. Defendants request a ruling on this motion by December 9, 2022, or, in the alternative, a temporary protective order pending its consideration of this motion.

## LOCAL RULE 3.01(g) CERTIFICATION

On December 2, 2022, undersigned counsel conferred via email with Plaintiffs' counsel, who represented that they oppose the relief sought in this motion. Plaintiffs' counsel indicated that they view Defendants' motion as an emergency and requested that Defendants file this motion no later than Monday, December 5, 2022.

Dated: December 5, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

*/s/ Michael P. Clendenen*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
MICHAEL P. CLENDENEN
LIAM HOLLAND
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005

Tel: (202) 305-0693
Email: michael.p.clendenen@usdoj.gov
*Counsel for Defendants*