## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**COLONEL FINANCIAL MANAGEMENT OFFICER,** *et al.*,

                     Plaintiffs,

    v.

**LLOYD AUSTIN,** in his official capacity as Secretary of the United States Department of Defense, *et al.*,

                    Defendants.

Case No. 8:22-cv-1275 (SDM/TGW)

## DEFENDANTS' MOTION TO COMPEL

### INTRODUCTION

Defendants have argued that the case should be stayed and intend to file a brief addressing mootness in accordance with the Court's Order, ECF No. 268. Plaintiffs thus far have opposed a stay and insisted that the case proceed to trial. Plaintiffs, however, have prejudiced Defendants' ability to prepare for trial by failing to comply with their discovery obligations to provide comprehensive responses to Defendants' requests for production and interrogatories. For months, defense counsel has repeatedly requested that Plaintiffs address these issues, only to be largely ignored. As trial is currently set to begin February 27, 2023, Defendants respectfully request that the Court order Plaintiffs to provide complete discovery responses and responsive documents to Defendants within a week of its order.

### BACKGROUND

On August 24, 2021, the Secretary of Defense issued a memorandum announcing that vaccination against COVID-19 would be added to the list of

vaccinations required of Service Members. *See* Sec'y of Def. Mem., ECF No. 23-3. Remaining Plaintiffs in this case are fourteen United States Marines, all of whom have submitted a religious accommodation request ("RAR") seeking an exemption from the policy; most of these Plaintiffs have had their RAR denied, and no Plaintiff to date has had an RAR approved.[1]  *See* Third Am. Compl. ¶¶ 99–113, ECF No. 198.

On July 29, 2022, defense counsel served Defendants' first set of interrogatories on Plaintiffs' counsel. *See, e.g.*, Ex. 1 (Defs.' First Set of Interrogs. to Lance Corporal 2 (July 29, 2022)).  Defendants requested that each Plaintiff respond to interrogatories that are directly relevant to their claims under the Religious Freedom Restoration Act ("RFRA"), and each Plaintiff received some identical interrogatories.[2] *See, e.g.*, *id.*  For example, all Plaintiffs received Interrogatory 7, which requested that each Plaintiff "describe in detail each and every reason why you believe DoD and the Marine Corps' COVID-19 vaccination requirement substantially burdens your religious beliefs."  *See id.* at Interrogatory 7.  Most Plaintiffs received unique interrogatories as well.

On August 1, 2022, defense counsel served Defendants' first set of requests for production of documents on Plaintiffs' counsel.  *See, e.g.*, Ex. 2 (Defs.' First Set of Reqs. for Produc. of Docs. to Lance Corporal 2 (Aug. 1, 2022)).  Defendants requested

---

[1] Of the fifteen Plaintiffs named in the Third Amended Complaint, one Plaintiff (Lance Corporal 1) agreed to discharge and stipulated to dismissal. *See* ECF No. 249.

[2] Defendants did not send interrogatories to Plaintiff Chief Warrant Officer 4 in July 2022 because Defendants' motion to sever that plaintiff from the case was pending before the Court. *See* Defs.' Mot., ECF No. 204.  Although that motion remains pending, Defendants served interrogatories on Plaintiff Chief Warrant Officer 4 on September 16, 2022.

that each Plaintiff produce responsive documents, and, as with the interrogatories, each Plaintiff received some identical requests for production.[3] *See, e.g., id.* For example, one request sent to all Plaintiffs sought documents related to all of Plaintiffs' social media posts regarding their "religious beliefs, the COVID-19 vaccines, or DoD's or the Marine Corps' COVID-19 vaccination requirement" from August 23, 2021 to present. *See, e.g., id.* at Req. for Produc. 8 & Instruction ¶ 4.

On September 13, 2022, Plaintiffs provided responses to Defendants' interrogatories and produced some documents in response to Defendants' request.[4] As part of their responses to various interrogatories, all Plaintiffs pointed to "documents produced in response to Defendants' First Set of Requests for Production, including those attached to the RAR and appeal from RAR denial, the Third Amended Class Action Complaint (Doc. 198)," and also referred to their "declarations in this action, and Plaintiff's live testimony in this action," despite the fact that, at that point, only two Plaintiffs had submitted "live testimony" and few had submitted declarations beyond the verification of the complaint. *See, e.g.*, Ex. 3 (Pl. Lance Corporal 2's Resps. to Defs.' First Set of Interrogs. at Interrogs. 3–12 (Sept. 12, 2022)); Ex. 4 (Pl. Lieutenant Colonel's Resps. Defs.' First Set of Interrogs. at Interrogs. 4, 11, 16 (Sept.

---

[3] As with the interrogatories, Defendants did not send requests for production to Plaintiff Chief Warrant Officer 4 in August 2022, and instead served requests for production on Plaintiff Chief Warrant Officer 4 on September 16, 2022.

[4] Chief Warrant Officer 3 refused to participate in discovery, and Plaintiffs' counsel represented that they have been unable to contact him since June 2022. *See* Defs.' Mot. for an Order to Show Cause, ECF No. 244. Defendants have moved for an order to show cause whether Chief Warrant Officer 3 should be dismissed for failure to prosecute and for lack of jurisdiction, which is pending before the Court. *See id.*

12, 2022)); Ex. 5 (Pl. Midshipman 2/C's Resps. to Defs.' First Set of Interrogs. at Interrogs. 5, 7, 8 (Sept 12, 2022)).   And although Plaintiffs objected to each of Defendants' requests for production "to the extent [they] seek[] documents protected by the attorney-client and work-product privileges," Plaintiffs did not identify any documents being withheld under these privileges, nor did they include a privilege log with their production.  *See, e.g.*, Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. (Sept. 12, 2022)).

On September 28, 2022, defense counsel emailed Plaintiffs' counsel concerning both overarching problems with Plaintiffs' discovery responses and problems specific to responses from certain Plaintiffs.  Ex. 7 (Email from Amy Powell to Roger Gannam (Sept. 28, 2022)).  Relevant to the instant motion,[5] defense counsel informed Plaintiffs' counsel of the following: (1) Plaintiffs produced no documents responsive to the request seeking social media posts; (2) all of Plaintiffs' responses to Interrogatory 7, which requested Plaintiffs' reasons why the vaccination requirements "substantially burdens" their religious beliefs were deficient because they provided only partial answers; (3) Plaintiffs' generic references to documents in response to a interrogatory request, as reflected by Plaintiff Lieutenant Colonel's and Lance Corporal 3's interrogatory responses, were insufficient; and (4) Plaintiffs' references to "live

---

[5] Defense counsel raised numerous other issues with Plaintiffs' discovery responses.  *See* Ex. 7 (Email from Amy Powell to Roger Gannam (Sept. 28, 2022)).  Some of the issues, such as Plaintiffs' failure to provide a privilege log, have been rectified.  Other issues remain outstanding, such as Plaintiffs' failure to provide medical release forms for all Plaintiffs.  These issues may be subject to additional motion practice depending on whether Plaintiffs provide the outstanding information by January 27, 2023, as they agreed to do during the parties' January 13 meet and confer.

testimony" in their responses were inaccurate as the majority of Plaintiffs did not have any live testimony.  *Id.*  Plaintiffs failed to provide a substantive response.

After Defendants identified these discovery deficiencies and while awaiting a response from Plaintiffs, Defendants began conducting depositions of Plaintiffs.

On November 25, 2022, after Defendants deposed many of the Plaintiffs, defense counsel emailed Plaintiffs' counsel, stating that "[w]e never received a substantive response to my 9/28 email identifying deficiencies in Plaintiffs' document production."  Ex. 8 (Email from Amy Powell to Roger Gannam (Nov. 25, 2022)). Defense counsel further stated that "we believe that several of the plaintiffs still owe us supplementation, as confirmed in the depositions."  *Id.*  Defense counsel reiterated that many of discovery deficiencies identified in the September 28 email remain unresolved.  *Id.*  Relevant to the instant motion, defense counsel stated that depositions of the Plaintiffs had made clear that their references to "live testimony" and "declarations" in their discovery responses were "simply wrong" and that Plaintiffs' responses to Interrogatory 7 were inadequate.  *Id.*  In addition, and citing to deposition transcripts for Plaintiffs Lance Corporal 2 and Captain 3, defense counsel stated that Plaintiffs had failed to conduct a search for social media posts.  *Id.*  Defense counsel requested that Plaintiffs provide outstanding documents productions and updated and accurate discovery responses by December 7.  *Id.*  Finally, defense counsel stated that the parties may need to "discuss whether motions practice is necessary."  *Id.*  Plaintiffs' counsel did not provide the requested documents or updated discovery responses, nor

did they provide a substantive response, despite repeatedly agreeing that they would respond.

On December 30, 2022, defense counsel again emailed Plaintiffs' counsel requesting a response to earlier emails concerning the deficiencies in Plaintiffs' discovery responses. *See* Ex. 9 (Email from Amy Powell to Roger Gannam (Dec. 30, 2022)). In that email, defense counsel offered to discuss the issues on the phone and informed Plaintiffs' counsel that Defendants would soon need to prepare a motion to compel in the absence of a substantive response by Plaintiffs. *See id.* Plaintiffs' counsel responded that same day, stating, "[W]e will refocus on the document discovery issues and respond early next week." *Id.* (Email from Roger Gannam to Amy Powell (Dec. 30, 2022)).

Because Plaintiffs did not respond the following week, on January 9, 2023, defense counsel again emailed Plaintiffs' counsel asking for a substantive response to the previously raised issues, either by email or telephone. *Id.* (Email from Amy Powell to Roger Gannam (Jan. 9, 2023)). Defense counsel informed Plaintiffs' counsel that "[a]bsent hearing from you, we will plan on moving to compel soon without a substantive response." *Id.*

On January 10, 2023, Plaintiffs' counsel produced a privilege log and informed Defendants that they would respond to the other issues the next day. Plaintiffs' counsel did not do so. Instead, on January 13, 2023, Plaintiffs' counsel provided a substantive response to defense counsel's November 25 email. Ex. 10 (Email from Roger Gannam to Amy Powell (Jan. 13, 2023)). Plaintiffs' counsel agreed to

supplement Plaintiffs' productions and discovery responses in certain respects, but refused to conduct searches of social media in response to Request for Production 8, supplement interrogatory responses that generically referred to testimony and declarations, and supplement Plaintiffs' responses to Interrogatory 7.

Following receipt of Plaintiffs' email, the parties met and conferred on January 13, 2023.  On that call, defense counsel requested a date certain when Plaintiffs would provide the supplemental productions and discovery responses referenced in their January 13 email.  Plaintiffs' counsel agreed to provide the productions and responses by January 27, 2023.[6]  The parties also discussed whether Plaintiffs' references to documents and testimony in their interrogatory responses, as shown, for example, in Captain 2's and Lance Corporal 2's responses, were in compliance with the Federal Rules of Civil Procedure.  Plaintiffs' counsel insisted that such references were allowed by Rule 33(d), and defense counsel responded that Rule 33(d) requires parties to identify responsive documents, not merely make generic references to them.  Defense counsel also inquired as to Plaintiffs' basis for refusing to supplement their responses to Interrogatory 7, and Plaintiffs' counsel responded that a further response concerning "substantial burden" was unnecessary because the Court has already decided that Plaintiffs' religious beliefs were substantially burdened by the vaccination requirement.

---

[6] Plaintiffs' counsel also agreed to identify the medical release forms produced to Defendants by Bates number on January 13.  In addition, Plaintiffs' counsel agreed to confer with Captain 2 about supplementing certain interrogatory responses.  Defendants are not currently seeking to compel the production of documents or discovery responses that Plaintiffs agreed to provide by January 27.

The parties agree that they have reached an impasse on Plaintiffs' refusal to search their social media for documents responsive to Request for Production 8, Plaintiffs' generic references to documents and testimony throughout their interrogatory responses, and Plaintiffs' responses to Interrogatory 7. Defendants now seek to compel Plaintiffs to comply with these discovery obligations.

## STANDARD OF REVIEW

A party is entitled to discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Dobruck v. Borders*, No. 8:16-CV-1869-T-33JSS, 2017 WL 417184, at *1 (M.D. Fla. Jan. 31, 2017) (citing Fed. R. Civ. P. 37(a)(4)). "Rule 37(a) of the Federal Rules of Civil Procedure provides that a party may move for a court order to compel discovery . . . where an opposing party fails to respond or provides incomplete or evasive responses to interrogatories or requests for production." *King v. Sentinel Ins. Co.*, No. 113CV04119RLVGGB, 2014 WL 12284033, at *1 (N.D. Ga. Aug. 15, 2014) (citing Fed. R. Civ. P. 37(a)(3)(B)). "The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information." *Kendall v. Sec'y,*

*Dep't of Veterans Affs.*, No. 8:14-CV-3224-T-33AEP, 2016 WL 1182810, at *1 (M.D. Fla. Mar. 28, 2016).

## ARGUMENT

Plaintiffs' document productions and interrogatory responses fail to satisfy their discovery obligations.  With regard to their document production, Plaintiffs have failed to search for and produce responsive documents.  With regard to their interrogatory responses, Plaintiffs impermissibly rely on general references to other documents and provide only partial responses to certain interrogatories.  Because Plaintiffs have provided no basis to withhold this discovery, the Court should order its immediate production.

### I.     Plaintiffs' Document Production

Defendants requested that all Plaintiffs search for and produce

> Any and all documents that describe, relate, refer to, or reflect any posts you have made on social media (e.g., Facebook, Twitter, Instagram, LinkedIn, YouTube, TikTok, Parler, Gab, Gettr, Truth Social), blogs, internet message boards, chat rooms, or other public forums online regarding your religious beliefs, the COVID-19 vaccines, or DoD's or the Marine Corps' COVID-19 vaccination requirement.

*See, e.g.*, Ex. 2 (Defs.' First Set of Reqs. for Produc. of Docs. to Lance Corporal 2 at Req. for Produc. 8 (Aug. 1, 2022)).  Defendants limited the timeframe of this request from August 23, 2021 to present.  *See id.* at Instructions ¶ 4.  Plaintiffs, however, did not produce any documents responsive to this request.   Some Plaintiffs indicated during depositions that they have no social media accounts, but others confirmed during their depositions that they have social media accounts, but did not search those

accounts for responsive documents.  On January 13, 2023, Plaintiffs' counsel refused to conduct any searches for documents responsive to this request and instead stated that "[a]ll Plaintiffs . . . stand on their objections to Defendants' social media RFP." Ex. 10 (Email from Roger Gannam to Amy Powell (Jan. 13, 2023)).

Plaintiffs have no basis to refuse to conduct a search and produce documents responsive to this document request.  Indeed, "Plaintiff[s] ha[ve] an obligation under Federal Rule of Civil Procedure Rule 34 to either provide all documents responsive to Defendant[s'] request, or to object to providing certain documents Plaintiff[s] intend[] to withhold."  *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, No. 19-CV-24821, 2020 WL 7864100, at *4 (S.D. Fla. Dec. 30, 2020).

Plaintiffs' boilerplate objections are insufficient to justify withholding documents.  First, Plaintiffs objected to the request "to the extent it seeks documents protected by the attorney-client and work product privileges."  *See, e.g.*, Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. at Req. for Produc. 8 (Sept. 12, 2022)).  Plaintiffs, however, did not identify any documents withheld for privilege in their responses, nor did they include any social media posts on their privilege log.  Accordingly, the Court should reject their boilerplate privilege assertion.  *See Polycarpe v. Seterus, Inc.*, No. 616CV1606ORL37TBS, 2017 WL 2257571, at *3 (M.D. Fla. May 23, 2017) (finding that it was "apparent from the phrasing of the objections and the use of terms including . . . 'attorney-client privileged' . . . and 'work product,' with little or no elaboration" that the party's objections were improper "boilerplate").

10

Second, Plaintiffs objected to the request "because it is vague, ambiguous, and otherwise fails to specify the documents sought with reasonable particularity." *See, e.g.*, Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. at Req. for Produc. 8 (Sept. 12, 2022)).  But courts have repeatedly found that "[m]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery." *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 698 (N.D. Ga. 2007); *see also Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless and fail to comply with . . . Rule 34's requirement that objections contain a statement of reasons.").

Third, Plaintiffs objected to the request "because it is overly broad in seeking all such documents 'regarding your religious beliefs' with no limitation as to the subject matter of Plaintiffs' claims." *See, e.g.*, Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. at Req. for Produc. 8 (Sept. 12, 2022)).  Plaintiffs' objection is unfounded.  RFRA provides that the federal government "shall not substantially burden a person's exercise of religion" unless the government "demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000bb-1(a)-(b). This Court has previously found that "[a] substantial burden exists if the challenged action prevents the plaintiff from participating in an activity motivated by a sincerely

held religious belief, or if the action truly pressures the [plaintiff] to significantly modify his religious behavior." *Navy Seal 1 v. Austin*, 586 F. Supp. 3d 1180, 1197–98 (M.D. Fla. 2022) (quotations omitted). Defendants' request for Plaintiffs' social media posts regarding their religious beliefs seeks relevant information as to whether Plaintiffs have sincerely held religious beliefs and whether those beliefs were substantially burdened by the military's COVID-19 vaccination requirement. *See* Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. at Req. for Produc. 8 (Sept. 12, 2022)). Moreover, the short timeframe of the request, which was limited to posts from August 23, 2021 (the day before the Secretary of Defense issued the vaccination requirement) to present, *see id.* at Instructions ¶ 4, cuts against Plaintiffs' bald assertion that the request is overly broad.

Finally, Plaintiffs objected to the request to the extent that the request sought documents "available from public sources." *See, e.g.*, Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. at Req. for Produc. 8 (Sept. 12, 2022)). Not all social media posts, of course, can be expected to be available from public sources. And courts "have generally held that objections to a discovery request on the ground that it seeks information or documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties (such as from public records) is not sufficient to resist a discovery request, absent a showing of undue burden." *Gross v. Guzman*, No. 11-23028-CIV, 2013 WL 12091159, at *5 (S.D. Fla. Jan. 25, 2013) (quotation omitted) (citing cases). As Plaintiffs have not even argued that searching their own social media

posts for the requested information is an undue burden, the Court should not permit them to avoid their discovery obligations by generally objecting to a discovery request on the ground that the information may be publicly available.  *See Lincoln Nat'l Life Ins. Co. v. Griffin*, No. 08-80965-CIV, 2009 WL 10668503, at *4 (S.D. Fla. Sept. 14, 2009) ("Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden.").

Even if Plaintiffs' objections were sufficient to limit the scope of the request, Plaintiffs nevertheless agreed in September 2022 to conduct a "reasonable search" and "produc[e] all responsive, non-privileged documents."  *See, e.g.*, Ex. 6 (Pl. Lance Corporal 2's Resps. and Objections to Defs.' First Set of Reqs. for Produc. at Req. for Produc. 8 (Sept. 12, 2022)).  But this "vague, open-ended response that merely states an intention to make some production at an unspecified date of the responding party's own choosing, is not a complete answer as required by Rule 34(b), and therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond."  *Dang v. Sheriff of Seminole Cnty.*, No. 6:14-CV-37-ORL-31TBS, 2015 WL 728160, at *3 (M.D. Fla. Feb. 19, 2015) (quotation omitted) (cleaned up).  Despite agreeing to conduct a search in their response to the request for production, on January 13, 2023, Plaintiffs, for the first time, informed Defendants that they all would "stand on their objections" rather than search for responsive documents.  Ex. 10 (Email from Roger Gannam to Amy Powell (Jan. 13, 2023)).  But, as set forth above, Plaintiffs' objections provide no basis to refuse to search for responsive documents.

13

Accordingly, the Court should find that Plaintiffs have failed to comply with their obligations to comply with the discovery request and compel Plaintiffs to search for and produce all responsive documents.  *See* Middle District Discovery (2021) at Section III.A.5 (listing steps a party and counsel ordinarily take to comply with a document request).

## II.   Plaintiffs' Interrogatory Responses

### A. Plaintiffs' Improper References Other Materials in Interrogatory Responses

As part of many of their interrogatory responses, Plaintiffs referred to "documents produced in response to Defendants' First Set of Requests for Production, including those attached to the RAR and appeal from RAR denial, the Third Amended Class Action Complaint (Doc. 198), Plaintiff's declarations in this action, and transcripts of Plaintiff's live testimony in this action," and certain Plaintiffs provided this language as their sole response to various interrogatories.  *See, e.g.*, Ex. 3 (Pl. Lance Corporal 2's Resps. to Defs.' First Set of Interrogs. at Interrogs. 3–12 (Sept. 12, 2022)); Ex. 4 (Pl. Lieutenant Colonel's Resps. to Defs.' First Set of Interrogs. at Interrogs. 4, 11, 16 (Sept. 12, 2022)); Ex. 5 (Pl. Midshipman 2/C's Resps. to Defs.' First Set of Interrogs. at Interrogs. 5, 7, 8 (Sept 12, 2022)).  But "it is improper for a party to answer an interrogatory simply by reference to the pleadings or other outside materials." *Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 12862641, at *6 (S.D. Fla. Apr. 25, 2012) (citations omitted); *Hawn v. Shoreline Towers Phase I Condo. Ass'n, Inc.*, No. 3:07CV97/RV/EMT, 2007 WL 2298009, at *2 (N.D. Fla. Aug. 9, 2007) ("[I]t is

14

insufficient to answer an interrogatory by merely referencing allegations of a pleading."). "Indeed, a defendant should not have to comb through the numerous allegations of a complaint to attempt to guess what specific factual information is responsive to a defendant's interrogatory. *Spadaro*, 2012 WL 12862641, at *6 (quotations omitted). "And moreover, although Federal Rule of Civil Procedure 33(d) does permit a party to answer an interrogatory by identifying the records from which the answer may be derived, the Rule requires that the responding party specify the records 'in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.'" *Id.* (quoting Fed. R. Civ. P. 33(d)(1)). Because Plaintiffs' general reference to their pleadings and other documents do not meet this standard, the Court should order all Plaintiffs to at least identify the title of each document they claim is responsive to the interrogatory "or, alternatively, provide complete written responses to [Defendants'] interrogatories." *Id.*

Plaintiffs' general reference to "declarations in this action, and Plaintiff's live testimony in this action," *see, e.g.*, Exs. 3–5, and their attempt via email to "supplement[]" their responses with a general reference to Plaintiffs' depositions, *see* Ex. 10—neither of which cites specific transcripts or declarations, let alone identifies precisely which testimony is being relied upon—is likewise insufficient to respond to an interrogatory. *See S.V.S. by & through Varner v. Broward Cnty. Pub. Sch.*, No. 18-62413-CIV, 2019 WL 10093975, at *5 (S.D. Fla. Oct. 2, 2019) (finding that "Defendant's initial [interrogatory] response was insufficient, as it referred generally to the Defendant's deposition transcript"). Plaintiffs should not be permitted to make

such a generalized assertion in response to interrogatories, especially given that many of them confirmed during depositions that references to their "live testimony" and "declarations" in the interrogatory responses were incorrect. *See, e.g.*, Ex. 11 (Dep. Tr. of Pl. Captain 2 at 178:19–180:8 (Oct. 20, 2022)).   Accordingly, the Court should order Plaintiffs to either withdraw their references to "live testimony" and "declarations" in their interrogatory responses or provide specific page and line references from any transcripts or paragraph numbers from any declarations that respond to the interrogatories. *See S.V.S.*, 2019 WL 10093975, at *5 (ordering the party to "provide specific page and line references from the deposition transcript that respond to each of these three Interrogatories").

### B. Plaintiffs' Insufficient Responses to Interrogatory 7

Even where Plaintiffs provided a narrative response, Plaintiffs impermissibly provided only partial responses to Interrogatory 7.   "An interrogatory must be answered fully and any objections must be stated with specificity." *S.V.S.*, 2019 WL 10093975, at *3 (citing Fed. R. Civ. P. 33(b)(4)).

Interrogatory 7 stated, "Please describe in detail each and every reason why you believe DoD and the Marine Corps' COVID-19 vaccination requirement substantially burdens your religious beliefs." *See, e.g.*, Ex. 1 (Defs.' First Set of Interrogs. to Lance Corporal 2 at Interrog. 7 (July 29, 2022)).   All Plaintiffs generally objected to this interrogatory "to the extent it seeks information protected by the attorney-client privilege," "as seeking irrelevant information, being overly broad and disproportionate, and imposing an undue burden on Plaintiff's religious exercise." *See,*

*e.g.*, Ex. 3 (Pl. Lance Corporal 2's Resps. to Defs.' First Set of Interrogs. at Interrog. 7 (Sept. 12, 2022)).   As with their objections to the requests for production, these generalized objections provide no basis to avoid responding to the interrogatory. *See Doe v. Rollins Coll.*, No. 618CV1069ORL37KRS, 2019 WL 11703980, at *1 (M.D. Fla. Feb. 27, 2019) ("the grounds for objecting to each interrogatory must be stated with specificity" (citing Fed. R. Civ. P. 33(b)(4))); *Zamperla, Inc. v. I.E. Park SrL*, No. 13-CV-1807, 2014 WL 11332269, at *2 (M.D. Fla. Oct. 23, 2014) (overruling a general privilege assertion where no additional information was included on a privilege log because "[t]here is no way for the Court or opposing counsel to know whether information responsive to a specific interrogatory is being withheld"); *Mayfair House Ass'n, Inc. v. QBE Ins. Corp.*, No. 09-80359-CIV, 2010 WL 11505157, at *4 (S.D. Fla. Jan. 5, 2010), *objections overruled*, 2010 WL 472827 (S.D. Fla. Feb. 5, 2010) ("the mere statement that the request or interrogatory is 'overly broad, burdensome, oppressive, or irrelevant' is not an adequate objection").   In addition, Plaintiffs' objection on the ground that answering the interrogatory "impos[es] an undue burden on Plaintiff's religious exercise" is not a permissible objection under the Federal Rules of Civil Procedure, as the "undue burden" objection relates to the inconvenience or cost to a party to obtain the requested information. *See* Fed. R. Civ. P. 26(c) (referring to "undue burden or expense"); 26(b)(2)(B) (referring to "undue burden or cost"). Finally, during the parties' meet and confer on January 13, 2023, Plaintiffs argued, for the first time, that they did not have to answer the interrogatory because the Court has already ruled on the issue of substantial burden.   But that argument ignores that

17

prevailing on a motion to dismiss does not relieve a party of meeting their burden of proof at trial.

Some Plaintiffs provided a partial response to Interrogatory 7, but no Plaintiff provided a complete response. As defense counsel informed Plaintiffs' counsel in September 2022, "[t]he request is for how the mandate substantially burdens the religious belief in question," and the term "substantial burden" "include[s] any adverse consequences Plaintiffs have or could suffer from the mandate that they claim are 'coercive.'" Ex. 7 (Email from Amy Powell to Roger Gannam (Sept. 28, 2022)). No Plaintiff included information in their response as to the adverse consequences they allegedly suffered or could suffer from the military's COVID-19 vaccination requirements. Ex. 3 (Pl. Lance Corporal 2's Resps. to Defs.' First Set of Interrogs. at Interrog. 7 (Sept. 12, 2022)); Ex. 4 (Pl. Lieutenant Colonel's Resps. to Defs.' First Set of Interrogs. at Interrog. 7 (Sept. 12, 2022)); Ex. 5 (Pl. Midshipman 2/C's Resps. to Defs.' First Set of Interrogs. at Interrog. 7 (Sept 12, 2022)). In an email dated January 13, 2023, Plaintiffs' counsel stated that Plaintiffs "will stand on their responses" "as supplemented by their deposition testimony." Ex. 10 (Email from Roger Gannam to Amy Powell (Jan. 13, 2023)). As shown above, generic references to deposition testimony that do not specifically cite to portions of that testimony is insufficient to comply with discovery obligations. *See S.V.S.*, 2019 WL 10093975, at *5. Because Plaintiffs failed to fully respond to the interrogatory, the Court should order all Plaintiffs to provide full responses to Interrogatory 7.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to compel and order Plaintiffs to supplement their interrogatory responses and produce responsive documents within a week of the Court's order.

## LOCAL RULE 3.01(g) CERTIFICATION

On September 28, 2022, and November 25, 2022, counsel for Defendants informed Plaintiffs via email of the deficiencies in their discovery responses and requested a response. On December 30, 2022, and on January 9, 2023, counsel for Defendants emailed Plaintiffs' counsel requesting a response and informing them of Defendants' intent to file a motion to compel in the absence of a substantive response. On January 13, 2023, counsel for Defendants conferred via telephone with Plaintiffs' counsel, who represented that they oppose the relief sought in this motion.

Dated: January 13, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Respectfully submitted,

*/s/ Courtney D. Enlow*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
MICHAEL P. CLENDENEN
COURTNEY D. ENLOW
LIAM C. HOLLAND
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 616-8467
Email: courtney.d.enlow@usdoj.gov
*Counsel for Defendants*

19