## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

**COLONEL FINANCIAL MANAGEMENT OFFICER,** *et al.*,

Plaintiffs,

v.

**LLOYD AUSTIN,** in his official capacity as Secretary of the United States Department of Defense, *et al.*,

Defendants.

Case No. 8:22-cv-1275 (SDM/TGW)

## DEFENDANTS' MOTION TO DISMISS FOR MOOTNESS OR FOR AN INDICATIVE RULING TO DISSOLVE INJUNCTION

Pursuant to Federal Rules of Civil Procedure 12(h)(3), 23(c), and 62.1, the Court should dismiss this case in its entirety as moot, de-certify the class, and dissolve the preliminary injunctions, issuing an indicative ruling if necessary.[1]

On December 23, 2022, the President signed into law the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA"). *See* Pub. L. No. 117-263, § 525, 136 Stat. 2395, 2571-72 (Dec. 23, 2022). Section 525 of the NDAA directs the Secretary, within 30 days, to rescind the August 2021 memorandum requiring vaccination of service members for COVID-19. On January 10, 2023, the Secretary rescinded the mandate as directed. *See* Ex. 1, Declaration of Chad Schrecengost, Ex. A ("Rescission Mem."). The rescission memorandum prohibits separations based solely on refusal of the COVID-19 vaccine by service members who sought an exemption from the mandate, and directs the Services to "remove any

---

[1] In accordance with the Order dated January 10, 2023, ECF No. 268, this brief also addresses *Navy SEAL 1 v. Austin*, Case No. 8:21-cv-2429, and is filed on that docket as well.

adverse actions solely associated with denials of such requests." The memorandum halts the processing of religious accommodation requests ("RARs") for exemption to the now-defunct mandate. The Plaintiffs' challenge to the August 2021 mandate is therefore moot in its entirety, and the case should be dismissed.

Changed circumstances, including mootness, further justify decertification of the class and vacatur of the preliminary injunctions entered in this matter to date.

## PROCEDURAL BACKGROUND

The original complaint in the *Navy SEAL 1* matter asserted claims on behalf of service members, federal employees, and federal contractors, regarding different requirements to vaccinate against COVID-19, including constitutional and statutory religious freedom claims, as well as statutory "informed consent" claims. Compl., ECF No. 1. The Court denied Plaintiffs' original motion for a preliminary injunction in part and deferred it in part. *See generally* ECF No. 40.

The Court then heard a series of emergency motions by individual Plaintiffs claiming to be subject to imminent adverse action and irreparable harm. As relevant here, the Court entered preliminary injunctive relief on behalf of Navy Commander and USMC Lieutenant Colonel 2 ("LTC2"), holding that they had established both a likelihood of success on the merits of their RFRA claims and irreparable harm, and enjoining Defendants "from enforcing against Navy Commander and [LTC2] any order or regulation requiring COVID-19 vaccination" and "from any adverse or retaliatory action against Navy Commander or [LTC2]" related to their religious exemption requests. ECF No. 111. The Eleventh Circuit partially stayed the injunction

2

"insofar as it precludes the Navy from considering the plaintiffs' vaccination status in making deployment, assignment, and other operational decisions until disposition of this appeal," ECF No. 148 (citing *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022) (Mem.). The Government's appeal of the injunction is fully briefed and pending. *See Navy SEAL 1 v. Sec'y of the U.S. Dep't of Defense*, No. 22-10645 (11th Cir.).[2]

The Court later severed the service member claims by military Service, with one action deemed "The United States Marine Corps Action," and ordered the action stayed "pending an amendment of the complaint to include a service member in the Marine Corps for whom venue is proper." ECF No. 194, at 6–7. Navy Commander and LTC2 were maintained in the original *Navy SEAL 1* action in light of the already pending appeal of their injunction; the original action was stayed. *Id.* at 7-8, 11.

Plaintiffs filed the Third Amended Complaint ("TAC") on June 30, 2022, in what is captioned the *Colonel Financial Management Officer* case, on behalf of 15 members of the Marine Corps and a putative class of "servicemembers who have been denied religious exemption" from the DoD directive. TAC ¶¶ 25–39, 157–66, ECF No. 198. Counts II and III allege that the "Federal COVID-19 Vaccine Mandate, on its face and as applied" violated the First Amendment and RFRA. *Id.* ¶¶ 194-34. Plaintiffs also continued to raise informed consent claims. TAC ¶¶ 167-93. The Prayer

---

[2] The Court later entered preliminary injunctive relief with respect to another Marine service member, USMC Captain 1, enjoining Defendants "from enforcing against USMC Captain any order or regulation requiring COVID-19 vaccination," "from separating USMC Captain from the Marine Corps," and "from any retaliatory action against USMC Captain;" the Court noted that the Order was not intended to prevent defendants from considering his vaccination status in making operational decisions. *See* ECF No. 173. That appeal is pending as well. *Captain v. Sec'y of the U.S. Dep't of Def.*, No. 22-12029 (11th Cir.). The Government has filed motions to hold both of these appeals (as well as the appeal of the class-wide injunction) in abeyance pending resolution of this mootness briefing.

for Relief seeks injunctive and declaratory relief including an order, *inter alia,* that Defendants comply with the Emergency Use Authorization Statute ("EUA"), grant Plaintiffs' RARs from the COVID-19 Vaccine Mandate, and cease any actions arising from Plaintiffs' RARs. TAC, Prayer.

Defendants moved to dismiss on July 14, 2022, asserting, *inter alia*, that the Court lacked jurisdiction over the religious freedom claims because they were neither ripe nor exhausted, and that Plaintiffs failed to state, and the Court lacked jurisdiction over, the informed consent claims. Defs.' MTD, at 6-22, ECF No. 205. On August 18, 2022, the Court denied that motion in part, but held under advisement the portion of the motion related to the informed consent claims. ECF No. 230. The Court granted Plaintiffs' motion for class certification and a class-wide preliminary injunction relying solely on the religious freedom claims. ECF No. 229. The Court described the "only the contention that unifies the class" as "whether . . . before ordering Marines to accept a vaccination religiously repugnant (to the class) the Marine Corps asked the questions that RFRA demands and answered those questions in the manner . . . that RFRA demands". ECF No. 229, at 4. The Court explained that "[f]or a remedy, the plaintiffs request *only* (which is the *only* remedy foreseeably 'appropriate') an order re-committing the Marines' applications [for a religious accommodation from the COVID-19 vaccination requirement] *en masse* to the Marine Corps for a determination in accord with the 'to the person' requirement and other requirements of RFRA." *Id.* at 46 (emphasis added). The Government's appeal is pending (and held in abeyance). *Chief Warrant Officer 4 v. Sec'y of the U.S. Dep't of Def.*, No. 22-13522 (11th Cir.).

4

## FACTUAL BACKGROUND

**A.     The DoD Mandate.**   On August 24, 2021, the Secretary directed the Secretaries of the Military Departments to ensure that all members of the Armed Forces were fully vaccinated against COVID-19. Sec'y of Def. Mem. (Aug. 24, 2021), https://perma.cc/N759-S758; ECF No. 1-4. The Navy and Marine Corps implemented the August 2021 vaccine requirement. *See generally* Merz Decl., ECF No. 23-18 (Navy); Furness Decl., ECF No. 206-2 (Marine Corps). Consistent with DoD requirements and existing Navy and Marine Corps policies, the Marine Corps orders permitted service members to seek certain medical, religious, or administrative exemptions based on their individual circumstances. *See* Merz Decl. ¶¶ 4-16; Furness Decl. ¶¶ 6-28; MARADMIN 462/21 ¶¶ 3.j, 3.k. A Sailor or Marine was not subject to adverse action, while pending final adjudication of any exemption and appeal. NAVADMIN 225/21 ¶ 3.c; MARADMIN 612/21 ¶ 3.b.

**B.     The NDAA.**   On December 23, 2022, the President signed the NDAA into law. Section 525 directs the Secretary, within 30 days, to rescind the August 2021 memorandum requiring vaccination of service members for COVID-19.[3] On January 10, 2023, the Secretary of Defense rescinded the mandate as directed. *See* Rescission Mem. The rescission memorandum directs that currently serving service members who sought an exemption may not be "separated solely on the basis of their refusal to

---

[3] An explanatory statement in the Congressional Record notes that DoD "has mechanisms to correct a servicemember's military record for discharge due to failure to receive the COVID-19 vaccine" and that "the military departments have the ability to consider applications for reinstatement of servicemembers who were previously separated for refusing the vaccine." *See* 168 Cong. Rec. H9441 (Dec. 8, 2022).

receive the COVID-19 vaccination" and directs the Services to "update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.*[4] It furthers directs that decisionmakers should "cease any ongoing reviews" of requests for accommodation from the COVID-19 vaccination requirement. *Id.* Other policies regarding immunizations remain in effect, including "the ability of Commanders to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions." *Id.* The Navy and Marine Corps have issued initial implementing guidance. Ex. 1 ¶ 13 & ExB; Ex. 2, Decl. of Capt Mery-Angela Katson ¶ 5 & ExB.

### C.   Plaintiffs.

Under the rescission memorandum, none of the Marine Corps Action Plaintiffs are subject to the August 2021 vaccine mandate, and none will have a record of discipline or adverse action based on their failure to be vaccinated. Of the nine Plaintiffs who were required to be vaccinated prior to rescission, four had no pending or past adverse action based on the vaccine requirement.[5] *See* Ex. 1 ¶¶ 7, 10 (Captain

---

[4] Former Service members administratively discharged on the sole basis that the Service member failed to obey a lawful order to receive a vaccine for COVID-19, "may petition their Military Department's Discharge Review Boards and Boards for Correction of Military or Naval Records to individually review and correct personnel records, including records regarding the characterization of their discharge." *Id.*

[5] To account for all other plaintiffs, six of the 15 named Marine Plaintiffs were not subject to a vaccine requirement in the weeks prior to the rescission. One Plaintiff (Chief Warrant Officer 3) has been fully vaccinated since before joining this lawsuit, *see* ECF No. 244, and another Plaintiff (Lance Corporal 1) agreed to discharge and stipulated to dismissal, *see* ECF No. 249. Three named Plaintiffs had RAR appeals pending at the time of the rescission, and therefore were never required to be vaccinated. *See* Ex. 1 ¶¶ 3-4 (2d Lt, Gunnery Sergeant); Ex. 3 ¶ 3 (Lance Corporal 3). One additional Plaintiff (Reserve LtCol) voluntarily separated without receiving any adverse action and is in the Individual Ready Reserve. *See* Ex. 3. ¶ 4.

1, CWO4); Ex. 3, Decl. of Colonel Mark S. Jimison ¶ 6 (LtCol 1); Ex. 4, Decl. of Capt. Edward J. Pingel ¶ 3 (Midshipman). Five Plaintiffs were placed on the Officer Disciplinary Notebook (ODN) and/or in some form of processing. *See* Ex. 1, ¶¶ 5-6, 8-9 (Col FMO, Captains 2-3, 1st Lt); Ex. 3, ¶ 5 (Lance Corporal 2). Only one Plaintiff (1st Lieutenant) completed the administrative separation process, but he was not actually separated. Ex. 1 ¶ 5; *see generally* ECF Nos. 220, 224-1. Pursuant to the rescission memorandum, separation processing based on failure to be vaccinated will be discontinued, and any adverse action on that basis will be removed from the record of each of these Plaintiffs. Ex. 1 ¶¶ 13-15; Ex. 3 ¶¶ 8-10. It is anticipated that officers will be removed from the ODN. *See* Ex. 1 ¶ 15. Only two Plaintiffs have a record in their personnel file of adverse action based solely on failure to be vaccinated (1st Lt and Lance Corporal 2), and that action will be removed from their record pursuant to the rescission memorandum. Ex. 1 ¶ 15; Ex. 3 ¶ 10.

Similarly, Lieutenant Colonel 2, and Navy Commander remain on active duty, and have not been subject to discipline or adverse administrative action based on their failure to be vaccinated. Ex. 1 ¶ 11 (LTC2); Ex. 2. ¶ 3 (Navy Commander). Any discipline or adverse action for other Navy Plaintiffs is subject to the policies outlined in the rescission memo as well. Ex. 2 ¶¶ 5-6.

## <u>LEGAL STANDARDS</u>

"Plaintiffs must maintain their personal interest in the dispute at all stages of litigation." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action

that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)).

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336; *see also Tinnerman v. United States*, No. 21-14023, 2022 WL 3654844, at *3 (11th Cir. Aug. 25, 2022); *Hand v. Desantis*, 946 F.3d 1272, 1275 (11th Cir. 2020); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004). Moreover, "government actors carry a lesser burden than others when they have unambiguously terminated the challenged policy." *See Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 531 (11th Cir. 2013); *Coral Springs*, 371 F.3d at 1328-29. "[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot." *Keister v. Bell*, 29 F.4th 1239, 1250 (11th Cir. 2022), *pet. for cert. filed*, No. 22-388 (U.S. Oct. 25, 2022). "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by a continuing, present injury or real and immediate threat of repeated injury." *See Stanley v. Broward Cnty. Sheriff*, 773 F. App'x 1065, 1069 (11th Cir. 2019) (citing *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).

## ARGUMENT

### I.   The Court Should Dismiss These Actions as Moot.

The challenged August 2021 vaccine mandate has been "unambiguously terminated," *see Rich*, 716 F.3d at 531, and neither the relief the Court envisioned nor

8

the relief Plaintiffs sought is available; nor is any "meaningful relief." *See Al Najjar*, 273 F.3d at 1336. Accordingly, a judicial ruling as to whether the now-rescinded policy violated the EUA statute, the First Amendment or RFRA would be an impermissible advisory opinion. *Cf. Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166–68 (9th Cir. 2011) (finding moot a challenge to the military's don't-ask-don't-tell policy when the policy was repealed by statute after judgment).

For example, under the terms of the rescission Defendants can no longer enforce the August 2021 mandate with respect to Navy Commander or LTC2, nor take adverse action against them based on it. *See* ECF Nos. 111, 133. The sole relief that the Court identified as possibly available on a class-wide basis – "an order re-committing the Marines' [RARs] *en masse* to the Marine Corps for a determination in accord with . . . RFRA" – is also not available. ECF No. 229, at 46. There is no requirement from which an exemption can be sought or a determination made. Indeed, the Secretary's rescission memorandum halts the processing of requests for exemption to the now-defunct mandate. Rescission Mem.

The other injunctive and declaratory relief sought in the TAC is equally unavailable in light of the rescission.[6] An order to "cease in their refusal to consider . . . Plaintiffs' requests for exemption" or an order to "grant Plaintiffs' requests for

---

[6] The TAC purported to seek "actual damages" as well. TAC, Prayer. To the extent that claim was premised on a fear of "personal injury resulting in damages" from taking the COVID-19 vaccine, TAC ¶ 147, that claim is also moot. In any event, as explained further in Defendants' forthcoming dispositive motion, there is no waiver of sovereign immunity that would permit a damages award against the Government, and Defendants would be entitled to judgment on any such claim. *See Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015) ("RFRA does not therefore authorize suits for money damages against officers in their official capacities").

religious exemption" from the COVID-19 vaccination requirement, TAC, Prayer, would be meaningless because there is no requirement from which exemption can be sought. And an order to "immediately cease any actions arising from or connected to Plaintiffs' religious exemption . . . requests," *id.*, is moot as well, because the rescission memorandum already halts such actions. Finally, an order to "comply with the [EUA] Statute so that each individual has the 'option to accept or refuse' administration of the COVID-19 vaccines," TAC, Prayer, is meaningless because COVID-19 vaccination in the military is now voluntary.[7] To the extent Plaintiffs seek injunction against other future adverse acts, they do not have standing to seek relief where there is no "real and immediate threat" of future injury. *City of L.A. v. Lyons*, 461 U.S. 95, 110 (1983).

Plaintiffs also argued that the "voluntary cessation" exception to the mootness doctrine would apply, *see City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). But "[W]hen a government fully repeals a challenged law, a case challenging that law is almost surely moot." *Keister*, 29 F.4th at 1250. And even when a challenged law is not fully repealed, so long as the law or policy has been "unambiguously terminated," any challenge to it is moot, unless a plaintiff identifies a "reasonable basis to believe that the policy will be reinstated if the suit is terminated." *Id.* (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1285 (11th Cir.

---

[7] Plaintiffs' "informed consent" claim is also moot because, regardless of the merits of Plaintiffs' legal arguments, *see* Defs.' MTD, at 6-12, the licensed, BLA-labelled vaccines are readily available at DoD facilities (and elsewhere). *See* Ex. 5, Defs.' Interrogatory Responses, at Interrogatory 9.

2004)).[8] Here, the challenged policy has been unambiguously terminated by Congress (not the Defendants), and the exception does not apply. Even if implementation of the NDAA were deemed "voluntary cessation," Plaintiffs have provided no reason to think the challenged vaccine requirement will be reinstated, that they will once again be subject to that requirement, and any RAR they seek regarding a new requirement will once again be denied. On the contrary, Defendants have gone beyond what was required by Congress by, for example, requiring the records of current service members who sought an exemption to be updated.[9]

To the extent Plaintiffs argue that the RAR process itself is being challenged, Plaintiffs' challenge is explicitly premised on the theory that there is a blanket denial of RARs for exemption to this particular requirement. *See generally* TAC. No Plaintiff claims that they have requested and been denied any other religious accommodation. Accordingly, Plaintiffs cannot establish standing to raise such a future, speculative challenge because "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion LLC*, 141 S. Ct. at 2208

---

[8] "[G]overnment actors carry a lesser burden than others" under the voluntary cessation doctrine. *See Rich*, 716 F.3d at 531. "[W]hen the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will *not* recur." *Troiano*, 382 F.3d at 1283.

[9] Other policies related to immunization remain in effect, including command discretion to consider vaccination status in making operational decisions, but Plaintiffs have never claimed to challenge such decisions directly; nor have they sought waivers from any individual operational decisions. Any future new vaccination requirement would present wholly different burden, compelling-interest, and least-restrictive-means issues. In any event, assignment and other operational decisions are nonjusticiable. *See, e.g., Orloff v. Willoughby*, 345 U.S. 83, 93 (1953); *Dep't of Navy v. Egan,* 484 U.S. 518, 530 (1988); *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973); *Navy SEALs 1-26*, 142 S. Ct. at 1301; *id.* at 1302 (Kavanaugh, J., concurring); *Navy SEAL 1*, No. 22-10645 (11th Cir. Mar. 30, 2022).

(quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016)).

## II.    The Court Should De-Certify the Class and Dissolve the Injunctions.

Because this action is now moot, the case should be dismissed and the preliminary injunction dissolved. But even if the case were not entirely moot, the Court should enter an indicative ruling that it would de-certify the class and dissolve the preliminary injunction in light of changed circumstances.[10] "On a motion to dissolve a preliminary injunction, the movant must show a change in circumstances that justifies the relief requested." *Delta T, LLC v. Kale Fans Am. S.A. DE C.V.*, No. 6:20-cv-1740-Orl-40EJK, 2021 WL 716629, at *1 (M.D. Fla. Jan. 22, 2021) (citing *Hodge v. Dep't of Hous. & Urban Dev., Hous. Div., Dade Cnty.*, 862 F.2d 859, 861–62 (11th Cir. 1989), *appeal dismissed*, No. 21-10576-DD, 2021 WL 2102311 (11th Cir. Mar. 18, 2021). Here, at a minimum, judicial precedent requires decertifying the class and dissolving the injunction because none of the named Plaintiffs nor any members of the class have shown a present injury, much less irreparable harm. *See, e.g., TransUnion*, 141 S. Ct. 2190.

### A. Class Certification is No Longer Warranted.

Rule 23(c)(1) provides that a class certification order "may be altered or amended before [final judgment]." "[T]he district court retains the ability, and perhaps even a duty, to alter or amend a certification decision." *Shin v. Cobb Cnty. Bd. of Educ.*,

---

[10] If a party makes a motion for relief that the District Court "lacks authority to grant because of an appeal that has been docketed and is pending," the District Court may defer consideration of the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

248 F.3d 1061, 1064 (11th Cir. 2001); *see also Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case.").

The class should be decertified because the Court previously found that the "only . . . contention that unifies the class" was "whether . . . before ordering Marines to accept a vaccination religiously repugnant (to the class) the Marine Corps asked the questions that RFRA demands and answered those questions in the manner . . . that RFRA . . . demands." ECF No. 229, at 4. And the only remedy "foreseeably 'appropriate'", was "an order re-committing the Marines' applications [for a religious accommodation from the COVID-19 vaccination requirement at issue in Section 525] *en masse* to the Marine Corps for a determination in accord with the . . . requirements of RFRA." *Id*. at 46. But there is no reason for the Court or the Defendants to make a determination about exemptions from a now-defunct requirement. Because the only class-wide claim presented is moot, the class should be de-certified. *Cf. Cox v. Porsche Fin. Servs., Inc.*, 337 F.R.D. 426, 434 (S.D. Fla. 2020) (decertifying class for injunctive relief where plaintiffs failed to plead a threat of future harm).

In *TransUnion LLC v. Ramirez*, the Supreme Court held that thousands of putative class members could not be included in any claim for relief based on a failure to follow proper procedures. 141 S. Ct. at 2208. "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *Id*. (quoting *Tyson Foods, Inc.*, 577 U. S. at 466 (Roberts, C. J., concurring)). Similarly, this Court cannot consider relief for a class where at least some of the putative class members face

no injury.

Implementation of the NDAA also undermines prior findings of commonality, typicality, and adequacy of representation, as well the standard for certification under Rule 23(b)(2). *See* ECF No. 229, at 20-29. To the extent Plaintiffs argue that they might continue to experience adverse effects of the now-defunct mandate or might be subjected to a hypothetical future requirement based on their billets, those types of injuries, if they occur at all, will be idiosyncratic to the individual's circumstances, and require individualized inquiry and individualized relief. And the Government's interest in continuing whatever those alleged injuries are may vary widely as well. "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class," and not "when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011); *see also J.M. ex rel. Lewis v. Crittenden*, 337 F.R.D. 434, 453 (N.D. Ga. 2019).

**B. <u>The Preliminary Injunctions Should Be Dissolved</u>.**

Neither named Plaintiffs nor the class can show a likelihood of success on the merits of their claims because those claims are moot, for the reasons explained in Part I. The proper course of action is to dissolve the preliminary injunctions as well. *See, e.g., Log Cabin Republicans*, 658 F.3d at 1166–68 (vacating judgment and injunction); *Doe 2 v. Shanahan*, 755 F. App'x 19 (D.C. Cir. 2019) (dissolving injunction in light of changed military policy); *Wyatt ex rel. Rawlins v. Poundstone*, 941 F. Supp. 1100, 1108

(M.D. Ala. 1996) (indicative ruling that preliminary injunction was moot).

Plaintiffs also cannot show any current substantial burden on their beliefs, nor any threat of irreparable harm, because there is no current or future burden on their religious beliefs resulting from the challenged policy. For example, the Court opined that Plaintiffs had shown substantial burden and irreparable harm because the challenged policy "'puts [each plaintiff] to th[e] choice' of either betraying a sincerely held religious belief or facing a substantial threat of serious discipline." ECF No. 229, at 43; *see also* ECF No. 111, at 44-45. No such forced choice exists after implementation of the NDAA, and Plaintiffs can no longer demonstrate either a current burden or irreparable harm. The mere possibility of future harm is insufficient. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2009). Accordingly, the standards for a preliminary injunction are no longer met, and the injunctions entered in these two actions should be dissolved.

## CONCLUSION

For the foregoing reasons, Court should dismiss these actions as moot.

## LOCAL RULE 3.01(g) CERTIFICATION

On January 17, 2023, counsel for Defendants conferred via email with Plaintiffs' counsel; Plaintiffs oppose the relief sought in this motion

Dated: January 18, 2023                     Respectfully submitted,

BRIAN M. BOYNTON                      */s/ Amy E. Powell*
Principal Deputy Assistant Attorney      ANDREW E. CARMICHAEL
General                                           AMY E. POWELL
                                                        STUART ROBINSON

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

Senior Trial Counsel
LIAM HOLLAND
CATHERINE M. YANG
CASSANDRA SNYDER
MICHAEL CLENDENEN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919)856-4013
Email: Amy.Powell@usdoj.gov
*Counsel for Defendants*