UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONEL FINANCIAL MANAGEMENT
OFFICER, et al., on behalf of himself and others
similarly situated,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　CASE NO. 8:22-cv-1275-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

NAVY SEAL 1, et al.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　CASE NO. 8:21-cv-2429-SDM-TGW

LLOYD AUSTIN, Secretary of the
Department of Defense, et al.,

    Defendants.
_____/

## **ORDER**

    In these actions under the Religious Freedom Restoration Act, service members in the Navy and in the Marine Corps challenge the Secretary of Defense's COVID-19 vaccination mandate, which the Secretary of Defense has since rescinded as instructed by the National Defense Authorization Act for Fiscal Year 2023. Before rescission of the mandate, three preliminary injunctions issued: one that

enjoined enforcement of the mandate against a commander in the Navy and a lieutenant colonel in the Marine Corps (Doc. 111 in 8:21-cv-2429), one that enjoined enforcement of the mandate against a captain in the Marine Corps (Doc. 173 in 8:22-cv-1275), and one that certified a class of marines and enjoined enforcement of the mandate against the class (Doc. 229). These three preliminary injunctions and the class certification have resulted in three appeals: *Navy Seal 1 v. Secretary of the United States Department of Defense*, No. 22-10645 (11th Cir.) (the commander in the Navy and the lieutenant colonel in the Marine Corps); *Captain v. Secretary of the U.S. Department of Defense*, No. 22-12029 (11th Cir.) (the captain in the Marine Corps); and *Chief Warrant Officer 4 v. Secretary of the United States Department of Defense*, No. 22-13522 (11th Cir.) (the class of marines).

After the Secretary of Defense's rescission of the mandate, the defendants moved in the Navy action (8:21-cv-2429) and in the Marine Corps action (8:22-cv-1275) to dissolve the preliminary injunctions, to de-certify the class of marines, and to dismiss the actions as moot. An indicative ruling in each action observes that, because the challenged and preliminarily enjoined mandate no longer exists and because the issue unifying the class of marines no longer exists, an order will grant the defendants' motions upon remand by the Eleventh Circuit.

After the indicative rulings, the defendants moved in each of the three appeals for a remand, on which the plaintiffs "take no position." In the first appeal and the third appeal, the Eleventh Circuit remanded "the case in full for the district court to enter an order granting relief in line with its indicative ruling (dissolving the

preliminary injunction at issue in this appeal and in other cases pending before this Circuit, decertifying the class of Marines, and dismissing the Navy and Marine Corps actions as moot) . . . ." (Doc. 205 in 8:21-cv-2429; Doc. 294 in 8:22-cv-1275) In the second appeal, the Eleventh Circuit remanded "in full." (Doc. 293 in 8:22-cv-1275)

In accord with the indicative rulings and the three remands from the Eleventh Circuit, the Navy action and the Marine Corps action are resolved as follows. In *Navy Seal 1, et al., v. Lloyd Austin, et al.*, 8:21-cv-2429-SDM-TGW, the defendants' motion to dismiss (Doc. 200) is **GRANTED**, the preliminary injunction (Doc. 111) is **DISSOLVED**, and the action is **DISMISSED AS MOOT**. In *Colonel Financial Management Officer, et al., v. Lloyd Austin, et al.*, 8:22-cv-1275-SDM-TGW, the defendants' motion to dismiss (Doc. 275) is **GRANTED**, the class of marines (Doc. 229) is **DECERTIFIED**, the preliminary injunctions (Docs. 173, 229) are **DISSOLVED**, and the action is **DISMISSED AS MOOT**. The clerk is directed to enter judgment (of dismissal for mootness) in each action and close each case.

ORDERED in Tampa, Florida, on May 17, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE