FEE SETTLEMENT AGREEMENT AND RELEASE
*Navy SEAL 1 v. Biden*, No. 8-21-cv-2429 (M.D. Fla.) ("*Navy SEAL*"); *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-1275 (M.D. Fla.) ("*CFMO*").

By and through their respective counsel, Plaintiffs in *Navy SEAL*[1] and Plaintiffs in *CFMO*[2] (collectively "Plaintiffs"), and Defendants Lloyd J. Austin III, in his official capacity as Secretary of Defense; Christine Wormuth, in her official capacity as Secretary of the United States Army; Carlos Del Toro, in his official capacity as Secretary of the United States Navy; Gen. Eric Smith in his official capacity as Commandant of the United States Marine Corps; Frank Kendall, in his official capacity as Secretary of the United States Air Force; and Alejandro Mayorkas, in his official capacity as Secretary of the Department of Homeland Security (collectively, "Defendants," and together with Plaintiffs, "Parties") hereby agree to settle and compromise Plaintiffs' request for an award of attorney's fees, costs, and other litigation

---

[1] *Navy SEAL* Plaintiffs include the individuals identified in the Second Amended Complaint as NAVY SEAL 1, United States Navy; NAVY SEAL 2, United States Navy; SENIOR CHIEF PETTY OFFICER, United States Navy; CHAPLAIN, United States Navy; NAVY EOD OFFICER, United States Navy; COMMANDER SURFACE WARFARE OFFICER, United States Navy; NAVY CHIEF WARRANT OFFICER, United States Navy Reserve; COLONEL FINANCIAL MANAGEMENT OFFICER, United States Marine Corps; LIEUTENANT COLONEL 1, United States Marine Corps; LIEUTENANT COLONEL 2, United States Marine Corps; RESERVE LIEUTENANT COLONEL, United States Marine Corps; MAJOR, United States Marine Corps; CAPTAIN, United States Marine Corps; CAPTAIN 2, United States Marine Corps; CAPTAIN 3, United States Marine Corps; FIRST LIEUTENANT United States Marine Corps; SECOND LIEUTENANT, United States Marine Corps; CHIEF WARRANT OFFICER 3, United States Marine Corps; LANCE CORPORAL 1, United States Marine Corps; LANCE CORPORAL 2, United States Marine Corps; CHAPLAIN, United States Air Force; RESERVE LIEUTENANT COLONEL 1, United States Air Force; RESERVE LIEUTENANT COLONEL 2, United States Air Force; MASTER SERGEANT SERE SPECIALIST, United States Air Force; TECHNICAL SERGEANT, United States Air Force; CADET, United States Air Force Academy; COLONEL, United States Army; ARMY RANGER, United States Army; NATIONAL GUARDSMAN, Virginia Army National Guard; PILOT, United States Coast Guard; LCDR PILOT, United States Coast Guard; and LIEUTENANT, United States Coast Guard.

[2] *CFMO* Plaintiffs include the individuals identified in the Third Amended Complaint as COLONEL FINANCIAL MANAGEMENT OFFICER, United States Marine Corps; LIEUTENANT COLONEL 1, United States Marine Corps; RESERVE LIEUTENANT COLONEL, United States Marine Corps; CAPTAIN, United States Marine Corps; CAPTAIN 2, United States Marine Corps; CAPTAIN 3, United States Marine Corps; FIRST LIEUTENANT, United States Marine Corps; SECOND LIEUTENANT, United States Marine Corps; CHIEF WARRANT OFFICER 4, United States Marine Corps; CHIEF WARRANT OFFICER 3, United States Marine Corps; LANCE CORPORAL 1, United States Marine Corps; LANCE CORPORAL 2, United States Marine Corps; LANCE CORPORAL 3, United States Marine Corps; MIDSHIPMAN 2/C, United States Marine Corps; GUNNERY SERGEANT, United States Marine Corps.

1

expenses, arising from the civil actions captioned *Navy SEAL 1 v. Biden*, No. 8-21-cv-2429 (M.D. Fla.) and *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-1275 (M.D. Fla.) (the "Civil Actions"), under the terms and conditions set forth in this Settlement Agreement (the "Agreement").

1. Defendants shall pay Plaintiffs, through undersigned counsel, $1,800,000.00 for attorney fees, costs, and other litigation expenses reasonably incurred in the Civil Actions (the "Settlement Payment") (including $900,000.00 for fees, costs, and other litigation expenses incurred in *Navy SEAL 1* and $900,000.00 for fees, costs, and other litigation expenses incurred in *CFMO*). The Settlement Payment constitutes full and complete satisfaction of Plaintiffs' claims for fees, costs and expresses in the Civil Actions, and any and all potential claims that Plaintiffs may have for attorney's fees, costs, and other litigation expenses associated with the Civil Actions, inclusive of any interest. This settlement includes all fees costs and other litigation expenses associated with representation of the class previously certified in *CFMO* and the putative classes proposed in the Civil Actions. Defendants shall make best efforts to effectuate payment within 21 days of the later of the Effective Date of this Agreement or the date when Plaintiffs provide Defendants with correct payment processing information, whichever date is later.

2. Plaintiffs represent that pursuant to agreements between Plaintiffs and their counsel, the Settlement Payment should be paid directly to, and will be retained by, Liberty Counsel. Liberty Counsel will promptly provide Defendants' counsel with payment processing information for electronic payment.

3. Within two (2) business days after the Settlement Payment clears into Liberty Counsel's account, the Parties shall cause their counsel of record to execute a stipulation of dismissal with prejudice, and without costs, with respect to the Civil Actions in substantially the form attached hereto as Exhibit 1.

4. Plaintiffs hereby fully and forever release and discharge Defendants, the United States, any department, agency or establishment of the United States, and their present or former officials, employees, successors, and agents, in their official and individual capacities, from any and all rights to attorney's fees, costs, and other litigation expenses or claims for attorney's fees, costs, and other litigation expenses that have been, or could have been, made as a result of the Civil Actions. Without limiting the generality of the foregoing, this release encompasses, resolves, and satisfies all claims for attorney's fees, costs, and other litigation expenses in connection with all facets of the Civil Actions, from the initial preparation for filing of a complaint and including any litigation, as well as attorney's fees, costs, and other litigation expenses for any other proceedings involving claims or causes of action that were or could have been raised in the Civil Actions. The release provided for in this paragraph shall become effective once Plaintiffs' undersigned counsel receive the Settlement Payment provided for in Paragraph 1 of this Agreement.

5. Defendants make no representation regarding the tax liability of Plaintiffs or Liberty Counsel. Nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendants as to the application of any such law.

6. This Agreement has been entered into by Plaintiffs and Defendants solely for the purposes of compromising potentially disputed claims for an award of attorney's fees, costs, and other litigation expenses in the Civil Actions without protracted legal proceedings and avoiding the expense and risk of litigation regarding such an award. Therefore, this Agreement is not intended and shall not be deemed an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission of liability or fault on the part of the Defendants or the United States or their present or former officials, employees or agents, or as an admission of any contested fact alleged by Plaintiff in connection with Plaintiffs' request for an award of attorney's fees, costs, and other litigation expenses arising from the Civil Actions. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendants or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

7. This Agreement contains the entire agreement between Plaintiffs and Defendants as to attorney's fees, costs, and other litigation expenses in the Civil Actions and supersedes all previous agreements, whether written or oral, between the Parties relating to attorney's fees, costs, and other litigation expenses in the Civil Actions. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection with the Agreement.

8. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the Party to be charged with the modification, amendment, or waiver, or by such Party's counsel or by order of a court of competent jurisdiction.

9. The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

10. Plaintiffs warrant and represent that no other action or suit with respect to the claims for attorney's fees, costs, and other litigation expenses advanced in the Civil Actions is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Plaintiffs further warrant and represent that except to their counsel in the Civil Actions they have made no assignment or transfer of all or any part of their rights arising out of or relating to the claims for attorney's fees, costs, and other litigation expenses advanced in this suit.

11. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

12. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A portable document format (".PDF") signature, electronic image of a signature, or other duplicate of a signature shall have the same effect as a manually-executed original.

13. Each signatory to this Agreement represents and warrants that the signatory is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion. This Agreement is effective when signed by the undersigned counsel of all Parties hereto.

Signed and executed on October 3, 2023

By:

_____
AMY E. POWELL
On Behalf of Defendants

_____
HORATIO G. MIHET
Liberty Counsel
On Behalf of Plaintiffs